[No. 3879.   Decided July 1, 1901.]

THE STATE OF WASHINGTON, *Respondent*, v. REINHOLD
HARRAS, *Appellant*.

CRIMINAL LAW — INSTRUCTIONS — POSSESSION OF STOLEN PROPERTY —
    PRESUMPTIONS.
    In a prosecution for cattle stealing, the refusal of the court,
    upon request, to instruct the jury as to the presumption, if any,
    arising from the possession of recently stolen property, was not
    error, since it was not proper for the court to single out a par-
    ticular circumstance, and charge the jury what presumption
    they should give it, but a general charge as to the manner in
    which circumstantial evidence should be considered would be
    all that the court could be required to give.

SAME — WORDS OF SIMILAR IMPORT.
    In an instruction upon the subject of circumstantial evidence
    the use by the court in discussing the consistency of the circum-
    stances with the hypothesis of guilt or innocence, of the words
    "assumption" and "supposition," when plainly intended to be
    used as synonyms with the word "hypothesis," would not con-
    stitute error.

SAME — REASONABLE DOUBT.
    In an instruction upon reasonable doubt, a charge by the
    court that the jury should decide the question of guilt or inno-
    cence "upon the strong probabilities of the case," and "the
    probabilities need not be so strong as to exclude all possibility
    of error," would not constitute error, where the court emphasizes
    the fact that these probabilities must be so strong as to exclude
    every reasonable doubt.

SAME.

In defining reasonable doubt in a charge to the jury, the court committed no error by instructing that "It should be a doubt for which good reason exists,—a doubt which would cause a reasonable and prudent man to hesitate and pause in a matter of importance such as the one you are now considering."

SAME — CORROBORATION OF ACCOMPLICES.

The failure of the court to instruct that, in order to justify a conviction, the testimony of an accomplice must be corroborated, was not erroneous, where the question of whether or not the alleged accomplice was such in fact was left to the jury, with a charge that in case they believed he was an accomplice they should consider with greater care whether his story was corroborated by any fact testified to by other witnesses, and that they could not decide the case upon his testimony alone.

Appeal from Superior Court, Walla Walla County.— Hon. Thomas H. Brents, Judge. Affirmed.

*H. S. Blandford, George T. Thompson* and *William H. Upton,* for appellant.

*Oscar Cain,* Prosecuting Attorney, for the State.

The opinion of the court was delivered by

Mount, J.—Appellant, charged with the crime of cattle stealing, was convicted in the superior court of Walla Walla county on April 20, 1900, and was sentenced to a term in the penitentiary. Appeal was taken to this court, alleging numerous errors of the trial court in its instructions to the jury. The first error complained of is that the court refused, on request, to give an instruction relative to the possession of recently stolen property. The evidence in the case is not before us, but it seems to be conceded that one J. E. Kirkland was the owner of the stolen cattle, and that the defendant upon the trial denied the taking, and claimed to have purchased the cattle in question from one Macey. At the proper time defendant's counsel requested the court to "instruct the jury upon the

following subjects: . . . The presumption, if any, arising from the possession of stolen property." No instruction was given defining any presumption arising from possession of stolen property. This court, in *State v. Walters,* 7 Wash. 246 (34 Pac. 938, 1098), lays down the rule as follows:

"The possession of recently stolen property may or may not be a criminating circumstance, and whether it is or not depends upon the facts and circumstances connected with such possession. It is a circumstance to be considered by the jury in connection with all the other evidence in the given case, in determining the guilt or innocence of the accused; and its weight, as evidence, like that of any other fact, is to be determined by them alone. . . . Any presumption that may be drawn from such possession is a presumption of fact merely; in other words, it is only an inference that one fact may exist from the proof of another, and does not amount to a rule of law."

This being true, it was not error for the court to refuse to single out any particular circumstance, and instruct the jury what *presumption* they should give it. The court did instruct the jury generally upon circumstantial evidence, and such instruction, properly directing the jury as to the manner in which they were to look upon and consider this character of evidence, is all that the law requires. 12 Enc. Pl. & Pr. 1013; *Bonners v. State,* 35 S. W. (Tex.) 650.

The next error complained of is in giving of the following instruction (No. 8):

"The state is not required, however, to prove these facts by direct and positive evidence. It may do so by circumstantial evidence. Circumstantial evidence is legal and competent evidence in criminal cases, and where it is all consistent with the hypothesis of the guilt of the person accused of crime, and is not consistent with the hypothesis of his innocence, and where it establishes his guilt beyond a reasonable doubt,—where all the evidence can be reconciled with the assumption of his guilt, and cannot be recon-

ciled with the assumption of his innocence, and produces in the minds of the jury an abiding conviction to a moral certainty of his guilt,—it is the imperative duty of the jury, under the law and under their several oaths, to render a verdict finding him guilty, and they would violate their oaths if they should fail to do so, just as they would if it were all direct and positive evidence. Nor is it necessary that they should be absolutely certain of his guilt. This is impossible, in the nature of things, and the law does not require it. If it did, few crimes, perhaps, would be punished. Moral certainty of guilt, therefore, satisfies the law in this respect. But, before rendering a verdict of guilty in any criminal case, a jury should, after a consideration of all the evidence, feel morally certain—have an abiding conviction to a moral certainty—of the guilt of the accused. And if in this case, gentlemen, the evidence, though in part circumstantial, all considered, appears to your minds to be consistent with the supposition that the defendant is guilty of this charge, and inconsistent with the supposition that he is innocent of it, and you feel morally certain, though not absolutely certain, that he is guilty of it,—if you have a firm conviction abiding in your mind that he is guilty of this charge,—you will fail in your duty and violate your oath if you do not return a verdict declaring him guilty as charged. But if, on the other hand, the whole evidence in the case, as you view it, is just as consistent with the assumption of his innocence as with the assumption of his guilt, or if you do not feel morally certain of his guilt,—if you have a substantial, a sensible, a reasonable doubt, resting upon the unsatisfactory character of the evidence to establish his guilt,—your duty is just as imperative to acquit him."

Defendant takes exception to the use of the words "supposition" and "assumption," as used in the foregoing instruction. These words, used as they were in the instruction, are synonymous with "hypothesis," and mean primarily, as defined by Webster, "What is not known to be true, or not proved." If the instruction had been given with the word "hypothesis" substituted for the words

"supposition" and "assumption," it would read: "And if in this case, gentlemen, the evidence, though in part circumstantial, all considered, appears to your minds to be consistent with the hypothesis that the defendant is guilty of this charge, and inconsistent with the hypothesis that he is innocent of it, and you feel morally certain, though not absolutely certain, that he is guilty of it, you will fail," etc. This instruction, it seems, was only another way of saying, in order to convict, the jury must find that the circumstances proved were not only all consistent with the guilt of the accused, but were inconsistent with his innocence, such as to exclude every reasonable hypothesis but that of guilt. Juries, as a rule, do not draw fine and technical distinctions in the use of words, but, even if they did in this case, this distinction is not open to the criticism counsel seek to place upon it.

It is argued that error was committed in the use of the words "probabilities" and "strong probabilities," as used in the following instruction (No. 9):

"Only a reasonable doubt,—a doubt based on reason,— arising from the evidence or the want of evidence in the case as to the guilt of the defendant,—only such doubt as a sensible, honest-minded man would reasonably entertain in an honest investigation to ascertain the truth,—however, should deter you from finding him guilty. A vague, whimsical, capricious, visionary or other unreasonable doubt,—a doubt based upon mere conjecture as to a remotely possible state of facts not disclosed by the evidence, —does not entitle the defendant to an acquittal, where the evidence is such as to fully and firmly convince the candid judgment of an impartial and reasonable man of the truth of the charge. On the other hand, you are not to understand that all doubt is to be discarded by you. You are required to decide the question submitted to you, whether the defendant is guilty or not guilty as charged in this information, upon the strong probabilities of the case as disclosed to you by the evidence given before you,

and the whole of it, and the probabilities of his guilt to warrant conviction need not be so strong as to exclude all doubt or possibility of error, but must be so strong as to exclude every reasonable doubt."

The latter part of this instruction—the part criticised by appellant—is substantially the same as that found in *Dunbar v. United States,* 156 U. S. 185 (15 Sup. Ct. 325). In speaking of this instruction, Mr. Justice BREWER uses this language:

"While it is true that it used the words 'probabilities' and 'strong probabilities,' yet it emphasized the fact that those probabilities must be so strong as to exclude any reasonable doubt, and that is unquestionably the law. *Hopt v. Utah,* 120 U. S. 430, 439; *Commonwealth v. Costley,* 118 Mass. 1, 23."

See, also, note to *Burt v. State,* 48 Am. St. Rep. 563, 566.

So, in this case, the court emphasized the fact that these probabilities must be so strong as to exclude every reasonable doubt. The use of the words was not error.

The statement of the trial judge at the close of his instruction on reasonable doubt is alleged as error, wherein he used the following language:

"It should be a doubt for which a good reason exists,— a doubt which would cause a reasonable and prudent man to hesitate and pause in a matter of importance such as the one you are now considering."

This instruction is according to the great weight of authority, and is not error. See note to *Burt v. State, supra,* 574.

It is next urged that the instructions ignored the rule that, to justify a conviction, the testimony of an accomplice must be corroborated. By instructions No. 12, 13, and 14, the court submitted the question of the credibility of witnesses to the jury, and by No. 15 the jury are in-

structed under what circumstances the witness Kidwell would be an accomplice, and also under what circumstances he would not be an accomplice, leaving this question to be determined by the jury. The court further instructed the jury that, in case they believed the former, "you should consider with greater care whether the story he has told on the witness stand is corroborated by any fact or facts testified to by other witnesses." And again the jury are told: "You should not, however, decide the case upon the testimony of Kidwell alone, but upon all the evidence before you. You should give it all due and candid consideration. This seems to comply with the rule as laid down by this court in *State v. Coates,* 22 Wash. 601 (61 Pac. 726), and is as favorable to defendant as required in *Edwards v. State,* 2 Wash. 291 (26 Pac. 258), and *State v. Concannon, ante,* p. 327.

Several instructions were requested by counsel for appellant, and, while they were not given in the exact language and context requested, they were all substantially given in other instructions, and it is unnecessary to review them here.

Finding no reversible error, the cause will be affirmed.

REAVIS, C. J., and DUNBAR, FULLERTON, ANDERS and HADLEY, JJ., concur.