[No. 16919. Department Two. June 1, 1922.]

THE STATE OF WASHINGTON, *Respondent*, v. DAN SHAFFER, *Appellant*.[1]

ASSAULT (16) — PROSECUTIONS — INSTRUCTIONS — "WILFULLY" AS-SAULT. In a prosecution for second degree assault in resisting a search by gun play as a bluff, under Rem. Comp. Stat., § 2414, subd. 4, reading: "wilfully assault another with a weapon . . . likely to produce bodily harm," it is sufficient to define the word wilfully as "intentional and not accidental," and to refuse an instruction that the assault must have been made with a bad motive or without justifiable excuse, where there was no evidence of justification or belief that he was acting in a lawful manner.

SAME (16)—INSTRUCTIONS—DEGREES OF ASSAULT—ELEMENTS OF OFFENSE—DEFINITION. One who resisting a search by pointing a re-volver at the officers is guilty of second degree assault, if at all, i. e. "with a weapon . . . . . likely to produce bodily harm," un-der Rem. Comp. Stat., § 2414, subd. 4; and is not entitled to have submitted to the jury the question of third degree assault.

ASSAULT (7)—OFFENSES—WITH DEADLY WEAPON. One who men-acingly points a revolver at another within range, which was appar-ently loaded, is guilty of second degree assault "with a weapon likely to produce bodily harm," within Rem. Comp. Stat., § 2414, subd. 4, although the gun was not in fact loaded.

INTOXICATING LIQUORS (53) — SEARCH WARRANT — VALIDITY. A search warrant issued on the affidavit of the sheriff stating in posi-

[1]Reported in 207 Pac. 229.

tive terms that intoxicating liquor was being sold at the home of the accused is not invalidated by the sheriff's testimony that he did not know positively that there was liquor in the house.

CRIMINAL LAW (464)—PUNISHMENT—EXCESSIVE SENTENCE. It is not an abuse of discretion to sentence for second degree assault for a minimum period of two years, where the statute fixes the maximum at not more than ten years.

Appeal from a judgment of the superior court for Chelan county, Grimshaw, J., entered May 21, 1921, upon a trial and conviction of assault. Affirmed.

*Herman Howe,* for appellant.

*Sam R. Sumner* and *Frank Lebeck,* for respondent.

MAIN, J.—The defendant was charged by information with the crime of assault in the second degree. The trial resulted in a verdict of guilty. After motion for new trial was overruled, he was sentenced to the state penitentiary for a minimum period of two years, and thereafter appealed from the judgment. The facts necessary to the understanding of the questions to be determined may be summarized as follows:

On the second day of December, 1920, and for some time prior thereto, the appellant resided in Chelan county, a short distance from the town of Leavenworth. In addition to himself, his family consisted of his wife and two young ladies, one of whom was a daughter. The sheriff of the county, believing that the appellant had intoxicating liquor in his home in violation of the law, regularly obtained a search warrant, and on the evening of the day above mentioned, together with two deputies, went to the home of appellant for the purpose of making a search. They arrived there a few minutes past nine o'clock in the evening, and in response to their rap at the door, the appellant appeared and was advised by the sheriff who he was and what

his purpose was. In response to this, the appellant unequivocally stated that the officers would not be permitted to make the search because he claimed that his wife was ill and could not be disturbed. The sheriff told him that if his wife were ill they would not search the room where she was and would not in any manner disturb her. After some conversation the appellant entered the house, and, as he says, went up stairs to consult his wife, who was lying upon a bed. As he returned and approached the door, the officers were just opening it for the purpose of entering. One of the deputies had stepped inside, when he was met by the appellant, who pointed at him a revolver and refused to permit the officers to proceed further. A conversation then took place which lasted for approximately ten minutes, during which time the appellant kept the revolver in his hand and pointed at the deputy sheriff, who was in advance. Before the conversation ceased, the wife of the appellant came down stairs and into the room, where she engaged in conversation with her daughter and the other young lady. The officers finally gave up the attempt to make the search, and thereafter the defendant was charged with the crime of assault in the second degree, with the result above indicated.

The charge is based upon subd. 4 of § 2414, Remington's Comp. Stat., which reads as follows:

"Every person who, under circumstances not amounting to assault in the first degree . . . (4.) Shall wilfully assault another with a weapon or other instrument or thing likely to produce bodily harm; . . . Shall be guilty of assault in the second degree and be punished by imprisonment in the state penitentiary for not more than ten years or by a fine of not more than $1,000, or by both."

The first error assigned is that the court did not directly define, in instructing the jury, the term "wil-

fully" as used in the statute. In the instruction given, this word was said to mean "intentional, that is, not accidental." Appellant objects to the instruction because, he says, it did not go far enough. He requested one to the effect that the word meant not only intentional, but with a bad motive or purpose, and without justifiable excuse or reasonable ground for believing the act to be unlawful. Conceding that there might be a set of facts which would require a more amplified definition of the term, the instruction given was correct as far as it went, and that requested by the appellant was properly refused. There is no evidence which would authorize the giving of an instruction that the appellant had ground for believing that he was acting in a lawful manner or had any justifiable excuse for his conduct. He admitted, in testifying, that he was making the gun play as a bluff.

It is next claimed that the court erred in refusing to submit to the jury the question as to whether the appellant was guilty of the crime of assault in the third degree. It may be admitted that, if there was any evidence which would justify the jury in finding a verdict of guilty of assault in the third degree, the instruction should have been given. The evidence, showed that the appellant was guilty of assault in the second degree, as defined by the provision of the statute above quoted, or he was not guilty of any offense. The evidence brings the cause squarely within the statute under which the prosecution was had. It was not error to refuse to submit to the jury the question whether the appellant was guilty of assault in the third degree when there was no evidence which would sustain the conviction of that crime.

The next question is whether the court erred in defining what constituted an assault under the statute.

The officers testified that the revolver was loaded. The witnesses for the appellant testified that it was not loaded. The appellant claims that, if the revolver was not loaded, there was only an apparent attempt to commit an assault, and that this was not sufficient to constitute the crime. The jury were instructed that an assault was an attempt to unlawfully use force or inflict bodily injury on another, accompanied with apparent present ability to give effect to the attempt if not prevented. Outside of this jurisdiction the authorities are in conflict as to whether an apparent ability to carry into effect is sufficient, or whether there must be an actual ability. In other words, under one line of authorities the pointing of an unloaded revolver at a person would not constitute an assault, while under the other it would. The instruction given is based upon the holding of this court in *Howell v. Winters,* 58 Wash. 436, 108 Pac. 1077. The court, in that case, which was a civil action, adopted the rule that apparent ability was sufficient. The appellant admits the force of that holding in a civil action, but claims that it should not apply in a criminal proceeding. At least one of the cases cited in support of the holding there was a criminal case, and the court, in that opinion, did not seem to make any distinction between the two classes of action. In any event, we see no reason why one rule should be adopted for a civil action and another in a criminal proceeding. In vol. 2 of Bishop's New Criminal Law, § 32, it is said:

"If, within shooting distance, one menacingly points at another with a gun, apparently loaded yet not in fact, he commits an assault the same as if it were loaded. There must be some power, actual or apparent, of doing bodily harm; but apparent power is sufficient."

In a further discussion the author heartily disapproves of the rule adopted in some jurisdictions that

the pointing of an unloaded revolver at a person does not constitute an assault. The instruction given was correct.

The next assignment of error relates to the manner in which the appellant claims a search for intoxicating liquor should be made. It is his contention that it should be made in a reasonable manner. That it should be so made, in view of all the attendant facts and circumstances, may be admitted. In this case no search was made at all because the appellant prevented it. There is no evidence that the officers proposed to make the search in any other than a reasonable manner, and when told that the wife of the appellant was ill, they offered to make the search without entering the room where she was and without disturbing her. The appellant, as he testified, was willing that the search should be made on the following day, or any other time, but would not permit it to be made that night.

Some question is made with reference to the regularity of the search warrant, but there is no merit in the appellant's position in this. The warrant was issued upon the affidavit of the sheriff which stated, as the appellant says in his brief, in positive terms, that intoxicating liquor was being bought, sold, manufactured and given away at the home of the appellant. Upon the trial, on cross-examination, the sheriff testified that he did not know positively that there was any liquor in the house, but that does not militate against the regularity or validity of the warrant.

Finally, it is contended that the penalty imposed was so excessive as to constitute an abuse of discretion on the part of the trial court. The court fixed the sentence at a minimum of two years, and the statute fixes the maximum at not more than ten years. Under the repeated holdings of this court, there was no abuse of discretion in imposing the sentence complained of.

*State v. Bliss*, 27 Wash. 463, 68 Pac. 87; *State v. Newton*, 29 Wash. 373, 70 Pac. 31; *State v. Kenney*, 83 Wash. 441, 145 Pac. 450.

The judgment will be affirmed.

PARKER, C. J.; MACKINTOSH, HOLCOMB, and HOVEY, JJ., concur.