[No. 1394-2.     Division Two.     March 24, 1975.]

THE STATE OF WASHINGTON, *Respondent*, v. LANNY G. THOMPSON, *Appellant*.

*Dean Pontius* and *William L. Denend*, for appellant.

*John C. Merkel, Prosecuting Attorney,* and *Richard B. Jones, Deputy,* for respondent.

PETRIE, J.—This is an appeal from a conviction of second-degree assault under RCW 9.11.020(4),[1] with a special verdict that the defendant was armed with a firearm at the time of the commission of the offense. The defendant assigns error to: (1) the failure of the court to instruct on the lesser offense of third-degree assault; (2) the propriety of the reasonable doubt instruction; (3) the rejection of his proposed instructions on self-defense; and (4) the exclusion of the results of a polygraph examination.

Lanny G. Thompson, the defendant, became involved in an argument with Premo Trudeau, a storekeeper, over an overdue bill. A discussion began inside the store but ended with the assault at the defendant's car. The evidence is conflicting as to who initiated the subject of the overdue bill, what was said during the argument, whether Trudeau grabbed or struck the defendant, whether the parties cooled down prior to the assault, and whether Thompson threatened to kill Trudeau while pointing the pistol at him. It is uncontroverted, however, that the defendant pulled a handgun, pointed it at the storekeeper and cocked it; and further, that the gun made Trudeau very fearful because he thought it was loaded.

When Thompson learned that an arrest warrant had been issued, he voluntarily surrendered to the police. He told the investigating officer that he used the unloaded pistol in

---

[1] RCW 9.11.020(4) provides:

"Every person who, under circumstances not amounting to assault in the first degree—

". . .

"(4) Shall wilfully assault another with a weapon or other instrument or thing likely to produce bodily harm; or

". . .

"Shall be guilty of assault in the second degree and be punished by imprisonment in the state penitentiary for not more than ten years or by a fine of not more than one thousand dollars, or by both."

self-defense. When asked if he would submit to a polygraph test, Thompson responded, "You bet." However, the State never pursued this polygraph examination. Later the defendant, at his own expense, submitted to an examination, but because the State did not stipulate to its admissibility, the results were excluded.

We turn first to the defendant's contention that the court erred in failing to instruct the jury on the crime of third-degree assault. Counsel admits that there was a simple assault, but contends that the jury may have inferred from the evidence that the assault was not made with a weapon or instrument likely to cause bodily harm, since the gun was not loaded. This evidence, he contends, would support a conviction for third-degree assault and entitled him to an instruction on third-degree assault. We disagree.

■■ It is firmly established in this state that a person may be convicted of second-degree assault when charged under RCW 9.11.020(4), even though the weapon is unloaded. Apparent power to do bodily harm with the weapon is the only prerequisite. *State v. Shaffer*, 120 Wash. 345, 207 P. 229 (1922); *see State v. Stationak*, 73 Wn.2d 647, 440 P.2d 457 (1968); *State v. Murphy*, 7 Wn. App. 505, 500 P.2d 1276 (1972). Furthermore, where the defendant has been charged with second-degree assault, the question of whether he is guilty of assault in the third degree should not be submitted to the jury unless the facts in the particular case will sustain a conviction of third-degree assault. *State v. Jackson*, 70 Wn.2d 498, 424 P.2d 313 (1967).

In the case at bench there was not sufficient evidence to support a conviction for third-degree assault. The essential facts are indistinguishable from the facts in *State v. Shaffer, supra*. In *Shaffer*, the defendant pointed a revolver at a deputy sheriff to prevent him from executing a search warrant. The deputy testified that the gun was loaded, however, the defendant presented witnesses who testified that the revolver was not loaded. The court held that the evidence was not sufficient to submit to the jury the question of whether the defendant was guilty of third-degree as-

sault. The defendant was either guilty of second-degree assault, as defined by the provisions of the statute, or no assault at all.

Thompson admits that he intentionally pointed a pistol at Trudeau and that he cocked it. Trudeau presumed it was loaded and became apprehensive. The defendant is, therefore, either guilty of second-degree assault by his own admission, or not guilty of any criminal assault because he acted lawfully in his own self-defense.

The purpose of RCW 9.11.020(4) is to punish those who achieve fear and apprehension in another by the willful use of a weapon or instrument that has the apparent power to cause bodily harm. See State v. Stewart, 73 Wn.2d 701, 440 P.2d 815 (1968). A pistol inherently has this power. The reactions of the person assaulted are not predicated upon the fact of a gun being loaded or unloaded. In either situation, he is placed in a position of fear, and his apprehension may be inferred unless he actually knows that it is unloaded. See State v. Miller, 71 Wn.2d 143, 426 P.2d 986 (1967).

The defendant's second assignment of error challenges the reasonable doubt instruction,[2] particularly the phrase "The doubt which entitles the defendant to an acquittal must be a doubt for which a reason exists." He argues rather strenuously that this phrase (1) infringes upon the

---

[2]Instruction No. 3 reads: "The law presumes a defendant to be innocent until proven guilty beyond a reasonable doubt. This presumption is not a mere matter of form, but it is a substantial part of the law of the land, and it continues throughout the entire trial and until you have found that this presumption has been overcome by the evidence beyond a reasonable doubt.

· "*The doubt which entitles the defendant to an acquittal must be a doubt for which a reason exists.* You are not to go beyond the evidence to hunt up doubts, nor must you entertain such doubts as are merely vague, imaginary, or conjectural. A reasonable doubt is such a doubt as exists in the mind of a reasonable man after he has fully, fairly and carefully compared and considered all of the evidence or lack of evidence introduced at the trial. If, after a careful consideration and comparison of all the evidence, you can say you have an abiding conviction of the truth of the charge, you are satisfied beyond a reasonable doubt." (Italics ours.)

presumption of innocence, and (2) misleads the jury because it requires them to assign a reason for their doubt, in order to acquit.

Although we recognize that this instruction has its detractors, it was specifically approved in *State v. Tanzymore*, 54 Wn.2d 290, 340 P.2d 178 (1959); and also in *State v. Nabors*, 8 Wn. App. 199, 505 P.2d 162 (1973). We are, therefore, constrained to uphold it. We would comment only that it does not infringe upon the constitutional right that a defendant is presumed innocent; but tells the jury when, and in what manner, they may validly conclude that the presumption of innocence has been overcome.

Furthermore, the particular phrase, when read in the context of the entire instruction does not direct the jury to assign a reason for their doubts, but merely points out that their doubts must be based on reason, and not something vague or imaginary. A phrase in this context has been declared satisfactory in this jurisdiction for over 70 years. *State v. Harras*, 25 Wash. 416, 65 P. 774 (1901).

The defendant next objects to the court's instructions on self-defense and assigns error to the court's refusal to issue his proposed instructions. Instruction No. 10[3] is a correct statement of the law of self-defense. *State v. Hill*, 76 Wn.2d 557, 458 P.2d 171 (1969); *State v. Dunning*, 8 Wn. App. 340, 506 P.2d 321 (1973). Instruction No. 11[4] properly dictates

[3]Instruction No. 10 advises: "It is not a crime to commit an assault, if the assault is committed in self-defense. The amount of force which may be lawfully used in self-defense is such force as a reasonably prudent man would use to protect himself under the circumstances appearing to him at the time."

[4]Instruction No. 11 advises: "To convict the defendant, LANNY THOMPSON, of the crime of Assault in the Second Degree, you must be convinced beyond a reasonable doubt of each of the following elements of that crime:

"1. That on or about the 26th day of October, 1972, the defendant did assault one PREMO TRUDEAU.

"2. That said assault was with a weapon or instrument likely to produce bodily harm.

"3. That these acts occurred in Kitsap County, Washington.

"If you find from all the evidence submitted in the case that the State has proved beyond a reasonable doubt all the elements of the

that the defendant satisfies his burden of establishing the affirmative defense of self-defense if, after considering all the evidence, the jury entertains a reasonable doubt as to whether the acts were done in self-defense. *State v. Turpin*, 158 Wash. 103, 290 P. 824 (1930); *State v. Alexander*, 7 Wn. App. 329, 499 P.2d 263 (1972).

■ Both instructions fully and fairly stated the law and permitted counsel to satisfactorily argue his theories (1) that the gun was used in self-defense, and (2) that the use of an unloaded gun was not excessive force under the circumstances. This is all that the law requires.

■ The final assignment of error—the refusal to admit the polygraph results—is also without merit. The issue has been decided subsequent to filing of defendant's brief in *State v. Woo*, 84 Wn.2d 472, 527 P.2d 271 (1974). *Woo* held that the results of a polygraph examination are not admissible absent a stipulation by both parties.

Judgment affirmed.

ARMSTRONG, C.J., and PEARSON, J., concur.

Petition for rehearing denied April 24, 1975.

---

foregoing crime, then it will be your duty to return a verdict of guilty to the crime of Assault in the Second Degree.

"On the other hand, if after weighing all the evidence you then entertain a reasonable doubt as to the establishment of any one of the foregoing elements, or if you then entertain a reasonable doubt as to whether defendant's acts were done in self-defense, then it will be your duty to return a verdict of not guilty to the crime of Assault in the Second Degree."