# IN THE COURT OF APPEALS OF THE STATE OF WASHINGTON

| STATE OF WASHINGTON, | ) | No. 72056-2-I |
| | ) | |
| Respondent, | ) | |
| | ) | DIVISION ONE |
| v. | ) | |
| | ) | |
| ADAN ISACK YUSUF, | ) | UNPUBLISHED OPINION |
| | ) | |
| Appellant. | ) | FILED:  JUN 1 5 2015 |
| | ) | |

PER CURIAM — Adan Yusuf appeals his convictions for first and second degree assault, arguing that the court's reasonable doubt instruction is unconstitutional because it "tells jurors they must be able to explain or articulate a reason for having a reasonable doubt." We affirm.

There is no articulation requirement in the instruction, which is taken from 11 Washington Practice: Washington Pattern Jury Instructions: Criminal 4.01, at 85 (3d ed. 2008 (WPIC). The instruction simply states that "[a] reasonable doubt is one for which a reason exists . . . It is such a doubt as would exist in the mind of a reasonable person after . . . considering all of the evidence." Clerk's Papers at 55; WPIC 4.01 (emphasis added). The instruction has been repeatedly approved by the Washington State Supreme Court and this court. See e.g., State v. Emery, 174 Wn.2d 741, 759-60, 278 P.3d 653 (2012) (noting that prosecutor's argument properly described "reasonable doubt as a 'doubt for which a reason exists'"); State v. Bennett, 161 Wn.2d 303, 307, 165 P.3d 1241 (2007); State v. Tanzymore, 54 Wn.2d 290, 291 n.2, 340 P.2d 178 (1959); State v. Harras, 25 Wash. 416, 421, 65 P. 774 (1901); State v. Thompson, 13

No. 72056-2-I/2

Wn. App. 1, 4-5, 533 P.2d 395 (1975); State v. Cosden, 18 Wn. App. 213, 221, 568 P.2d 802 (1977). We are bound by the decisions of our Supreme Court. State v. Gore, 101 Wn.2d 481, 486–87, 681 P.2d 227 (1984).

In addition, in Thompson, Division Two of this court expressly rejected the precise argument made here, stating,

> Furthermore, the particular phrase, when read in the context of the entire instruction does not direct the jury to assign a reason for their doubts, but merely points out that their doubts must be based on reason, and not something vague or imaginary. A phrase in this context has been declared satisfactory in this jurisdiction for over 70 years. State v. Harras, 25 Wash. 416, 65 P. 774 (1901).

Thompson, 13 Wn. App. at 5. We adhere to the decision in Thompson.

Yusuf's pro se statement of additional grounds for review raises no reviewable issues.

Affirmed.

FOR THE COURT:

_Cox, J._

_Schindler, J._

_Leach, J._