# IN THE COURT OF APPEALS OF THE STATE OF WASHINGTON

| | | |
|---|---|---|
| STATE OF WASHINGTON, | ) | NO. 72304-9-I |
| | ) | |
| Respondent, | ) | |
| | ) | DIVISION ONE |
| v. | ) | |
| | ) | |
| TIMOTHY GRANT BEESON, | ) | UNPUBLISHED OPINION |
| | ) | |
| Appellant. | ) | FILED: November 23, 2015 |
| | ) | |

LAU, J.— Timothy Beeson appeals his conviction of unlawful possession of a firearm in the first degree, asserting instructional error. Because the trial court defined reasonable doubt in accordance with the instruction that Beeson agreed to, using language approved by our Supreme Court, and because Beeson fails to raise a meritorious issue in his statement of additional grounds, we affirm.

## FACTS

At Beeson's trial, the trial court gave the jury instructions proposed by the State. Beeson offered no alternative instructions. Jury instruction 3 defined reasonable doubt in accordance with the Washington Pattern Jury Instruction: Criminal 4.01 (WPIC) as follows:

A reasonable doubt is one for which a reason exists and may arise from the evidence or lack of evidence. It is such a doubt as would exist in the mind of a reasonable person after fully, fairly, and carefully considering all of the evidence or lack of evidence.

Clerk's Papers (CP) at 69. Defense counsel expressly declined to raise any objection to the reasonable doubt instruction and confirmed that the defense "adopt[ed] this instruction" as its own. Report of Proceedings (RP) (March 27, 2014) at 62.

The jury convicted Beeson of unlawful possession of a firearm in the first degree as charged. The court imposed a drug offender sentencing alternative sentence of 57.75 months. Beeson appeals.

## ANALYSIS

### Reasonable Doubt Instruction

Beeson contends that the instruction defining reasonable doubt as a doubt "for which a reason exists" was constitutionally deficient because it required the jury to articulate a reason for having a reasonable doubt. Relying on State v. Emery, 174 Wn.2d 741, 760, 278 P.3d 653 (2012), Beeson also argues that the instruction resembles improper "fill in the blank" arguments that impermissibly shift the burden of proof and may constitute prosecutorial misconduct. In a supplemental assignment of error, Beeson contends that he was denied effective assistance when defense counsel "endorse[d]" the reasonable doubt instruction, rather than objecting to it. Appellant's Supplemental Br. at 1.

Beeson concedes that the trial court's instruction mirrors WPIC 4.01 and that our Supreme Court has directed trial courts to use WPIC 4.01 to instruct juries on the burden of proof and the definition of reasonable doubt. State v. Bennett, 161 Wn.2d 303, 318, 165 P.3d 1241 (2007); see also State v. Castillo, 150 Wn. App. 466, 469, 208

P.3d 1201 (2009). In State v. Kalebaugh, 183 Wn.2d 578, 586, 355 P.3d 253 (2015) our Supreme Court recently reaffirmed that WPIC 4.01 is "the correct legal instruction on reasonable doubt . . . ." After correctly instructing the jury during preliminary remarks that reasonable doubt was "a doubt for which a reason exists," the trial judge in Kalebaugh paraphrased the explanation as "a doubt for which a reason can be given." Kalebaugh, 183 Wn.2d at 585. In concluding that the error in the trial judge's "offhand explanation of reasonable doubt" was harmless beyond a reasonable doubt, the court rejected any suggestion that WPIC 4.01 required the jury to articulate a reason for having a reasonable doubt or was akin to an improper "fill in the blank" argument. Kalebaugh, 183 Wn.2d at 585, 586 ("We do not agree that the judge's effort to explain reasonable doubt was a directive to convict unless a reason was given or akin to the "fill in the blank" approach that we held improper in State v. Emery."); See also State v. Thompson, 13 Wn. App. 1, 4-5, 533 P.2d 395 (1975) (the phrase "a doubt for which a reason exists" does not direct the jury "to assign a reason for their doubt"). Beeson's challenge to WPIC 4.01 must be directed to our Supreme Court.

Because the trial court did not err in giving the reasonable doubt instruction, Beeson's claim of ineffective assistance of counsel likewise fails.

Statement of Additional Grounds for Review

Beeson contends in a statement of additional grounds for review that the search warrant failed to establish probable cause to search his vehicle. Probable cause exists where there are facts and circumstances sufficient to establish a reasonable inference that the defendant is involved in criminal activity and that evidence of the criminal activity can be found at the place to be searched. State v. Maddox, 152 Wn.2d 499,

3

505, 98 P.3d 1199 (2004). Specifically, Beeson claims that the warrant was based on untrue statements because the police had confirmed his identity before they secured the warrant to search his vehicle. But the trial court specifically found that the officer who applied for the warrant "did not know that the defendant's identity had been confirmed at the time of the writing or the submission of the warrant." CP at 92. The officer's testimony at the suppression hearing supports this finding. The court also concluded that "confirmation of the defendant's identity does not affect the finding that the warrant was supported by probable cause." CP at 94.

Beeson also contends that police officers exceeded the scope of the search warrant by opening a cloth bag that contained the firearm. The search warrant authorized the officers to seize evidence of stolen property, evidence relating to identity theft, and evidence of drugs. Beeson provides no legal authority to support his assertion, nor does he assert that the cloth bag was not a plausible repository for the items identified in the warrant. See State v. Hill, 123 Wn.2d 641, 643, 870 P.2d 313 (1994) (under a search warrant for a premises, personal effects of the owner may be searched provided they are plausible repositories for the objects named in the warrant). The trial court did not err in concluding that the warrant "allowed the officers to look in the bag containing the gun." CP at 94.

We affirm.

WE CONCUR:

Trickey, J.

4