IN THE COURT OF APPEALS OF THE STATE OF WASHINGTON
DIVISION THREE

| | | |
|---|---|---|
| STATE OF WASHINGTON, | ) | |
| | ) | No. 33253-5-III |
| Respondent, | ) | |
| | ) | |
| v. | ) | |
| | ) | |
| RUSSELL A. ROSIN, | ) | UNPUBLISHED OPINION |
| | ) | |
| Appellant. | ) | |

SIDDOWAY, C.J. — Russell A. Rosin appeals from his 2015 Spokane County conviction of possession of methamphetamine. He contends the jury instruction on reasonable doubt, which defines reasonable doubt as "one for which a reason exists," is unconstitutional because it shifts the burden of proof and requires the jury to articulate a reason. Because the reasonable doubt instruction is identical to Washington Pattern Jury Instruction (WPIC) 4.01, the approved pattern instruction on reasonable doubt, we affirm.

FACTS

Mr. Rosin was a passenger in a stolen vehicle that was stopped by police in December 2014 for speeding. The officer arrested Mr. Rosin on outstanding warrants and discovered methamphetamine in his backpack when he was searched incident to the arrest. At his trial on a charge of possession of a controlled substance, he did not object to the trial court's proposed instruction on reasonable doubt:

The defendant has entered a plea of not guilty. That plea puts in issue every element of the crime charged. The State is the plaintiff and has the burden of proving each element of the crime beyond a reasonable doubt. The defendant has no burden of proving that a reasonable doubt exists.

A defendant is presumed innocent. This presumption continues throughout the entire trial unless during your deliberations you find it has been overcome by the evidence beyond a reasonable doubt.

A reasonable doubt is one for which a reason exists and may arise from the evidence or lack of evidence. It is such a doubt as would exist in the mind of a reasonable person after fully, fairly, and carefully considering all of the evidence or lack of evidence. If, from such consideration, you have an abiding belief in the truth of the charge, you are satisfied beyond a reasonable doubt.

Clerk's Papers at 8. The jury found him guilty as charged.

CONSTITUTIONALITY OF THE REASONABLE DOUBT INSTRUCTION

Mr. Rosin's reasonable doubt jury instruction was taken verbatim from WPIC 4.01. *See* 11 WASHINGTON PRACTICE: WASHINGTON PATTERN JURY INSTRUCTIONS: CRIMINAL 4.01, at 85 (3d ed. 2008). He argues that the language in WPIC 4.01 that defines a reasonable doubt as "one for which *a reason exists*" tells jurors that they must be able to articulate a reason for having a reasonable doubt. *Id.* (emphasis added). Thus, jurors must have more than just a reasonable doubt; they must be able to articulate that doubt. He also contends this instruction is substantially similar to the fill-in-the-blank prosecutorial arguments that Washington courts have invalidated because those arguments shift the burden of proof to the defendant.

2

We first note that Mr. Rosin did not object to the propriety of WPIC 4.01 at trial. A defendant generally waives the right to appeal an error unless he or she raised an objection at trial. *State v. Kalebaugh*, 183 Wn.2d 578, 583, 355 P.3d 253 (2015). One exception to this rule is made for manifest errors affecting a constitutional right. RAP 2.5(a)(3); *Kalebaugh*, 183 Wn.2d at 583. An error is manifest if the appellant can show actual prejudice. *State v. O'Hara*, 167 Wn.2d 91, 99, 217 P.3d 756 (2009). Mr. Rosin claims an error of constitutional magnitude, but he shows neither error nor prejudice.

The relevant language of WPIC 4.01 has been approved as constitutionally sound for decades. As noted in *State v. Thompson*, 13 Wn. App. 1, 533 P.2d 395 (1975), the phrase "a doubt for which a reason exists"

> does not direct the jury to assign a reason for their doubts, but merely points out that their doubts must be based on reason, and not something vague or imaginary. A phrase in this context has been declared satisfactory in this jurisdiction for over 70 years.

*Thompson, id.* at 5 (citing *State v. Harras*, 25 Wash. 416, 65 P. 774 (1901)). The Washington Supreme Court has consistently endorsed the language of WPIC 4.01. *See, e.g., State v. Bennett*, 161 Wn.2d 303, 318, 165 P.3d 1241 (2007) (the Supreme Court exercises its "inherent supervisory power" to require trial courts to use only WPIC 4.01 in instructing juries on the burden of proof); *State v. Emery*, 174 Wn.2d 741, 759-60, 278 P.3d 653 (2012) (the prosecutor in closing argument properly described reasonable doubt as a doubt for which a reason exists).

Most recently, the Washington Supreme Court in *Kalebaugh*, 183 Wn.2d at 584, reaffirmed that WPIC 4.01 was the correct legal instruction on reasonable doubt. The trial judge in *Kalebaugh* gave a proper instruction from WPIC 4.01 in his preliminary remarks to prospective jurors, but then attempted to further explain that reasonable doubt was "'a doubt for which a reason *can be given*.'" *Id.* at 585. *Kalebaugh*, *id.* at 586, disfavored the judge's "offhand explanation," in part because that language suggested that a reason must be given to doubt the defendant's guilt. The error was held harmless, however, because the trial judge properly instructed the jury at the end of the case with the language of WPIC 4.01. *Id.*

Mr. Rosin's assertion that WPIC 4.01 is similar to the "fill-in-the-blank" prosecutorial argument held improper in *Emery*, 174 Wn.2d at 759-60, is without merit. The prosecutor in *Emery* told the jury in closing argument that "'in order for you to find the defendant not guilty, . . . you'd have to say, quote, I doubt the defendant is guilty, and my reason is blank. A doubt for which a reason exists. If you think you have a doubt, you must fill in that blank.'" *Id.* at 750-51. This statement was inappropriate because it subtly shifted the burden of proving the case to the defendant to disprove. *Id.* at 760. The prosecutor's improper and potentially confusing statement did not support relief, however. *Emery* concluded that even if the appellants could show that the statement was incurable, they could not show a substantial likelihood that it affected the jury's verdict.

4

No. 33253-5-III
*State v. Rosin*

*Id.* at 764 n.14. The jury was properly instructed on reasonable doubt with a WPIC 4.01 instruction, and the Court assumed—as it must—that the jury followed the instruction. *Id.*

## CONCLUSION

We are bound by the approval of the WPIC 4.01 reasonable doubt language in *Kalebaugh* and its predecessors. *See State v. Gore*, 101 Wn.2d 481, 487, 681 P.2d 227 (1984). Accordingly, we hold that Mr. Rosin cannot show manifest error justifying review under RAP 2.5(a)(3) of the unpreserved objection to the WPIC 4.01 beyond probable cause instruction.

Affirmed.

A majority of the panel has determined this opinion will not be printed in the Washington Appellate Reports, but it will be filed for public record pursuant to RCW 2.06.040.

Siddoway, C.J.

WE CONCUR:

Fearing, J.

Pennell, J.

5