IN THE COURT OF APPEALS OF THE STATE OF WASHINGTON

DIVISION THREE

| | | |
|---|---|---|
| STATE OF WASHINGTON, | ) | |
| | ) | No. 33423-6-III |
| Respondent, | ) | |
| | ) | |
| v. | ) | |
| | ) | |
| MAURICIO LEON DELGADO, | ) | UNPUBLISHED OPINION |
| | ) | |
| Appellant. | ) | |

SIDDOWAY, J. — Mauricio Leon Delgado appeals from his 2015 Grant County

conviction of second degree rape with forcible compulsion. He contends the jury

instruction on reasonable doubt, which defines reasonable doubt as "one for which a

reason exists," is unconstitutional because it shifts the burden of proof and requires the

jury to articulate a reason. He also asks this court, if we affirm his conviction, to exercise

our discretion and decline to impose appellate costs. Because the reasonable doubt

instruction is identical to Washington Pattern Jury Instruction (WPIC) 4.01, the approved

pattern instruction on reasonable doubt, we affirm. We do not award appellate costs to

the prevailing party because the State is not requesting them.

FACTS

Mr. Delgado took a female acquaintance to a hotel room and raped her in June

2014. The State charged him with second degree rape with forcible compulsion, or

No. 33423-6-III
*State v. Delgado*

alternatively, with third degree rape. RCW 9A.44.050(1)(a), .060. At his trial, the judge

instructed the jury on reasonable doubt:

> The defendant is presumed innocent. This presumption continues throughout the entire trial unless during your deliberations you find it has been overcome by the evidence beyond a reasonable doubt.
> A reasonable doubt is one for which a reason exists and may arise from the evidence or lack of evidence. It is such a doubt as would exist in the mind of a reasonable person after fully, fairly, and carefully considering all of the evidence or lack of evidence. If, from such a consideration, you have an abiding belief in the truth of a charge, you are satisfied beyond a reasonable doubt as to that charge.

Clerk's Papers at 65. The jury found him guilty of second degree rape with forcible

compulsion.

CONSTITUTIONALITY OF THE REASONABLE DOUBT INSTRUCTION

Mr. Delgado assigns error to the reasonable doubt jury instruction. We review a

challenge to the language of a jury instruction de novo, in the context of the instructions

as a whole. *State v. Bennett*, 161 Wn.2d 303, 307, 165 P.3d 1241 (2007); *In re Pers.*

*Restraint of Hegney*, 138 Wn. App. 511, 521, 158 P.3d 1193 (2007). Jury instructions are

upheld on appeal if they allow the parties to argue their theories of the case, do not

mislead the jury, and properly inform the jury of the applicable law. *Bennett*, 161 Wn.2d

at 307.

Mr. Delgado's reasonable doubt jury instruction was taken nearly verbatim from

WPIC 4.01. *See* 11 WASHINGTON PRACTICE: WASHINGTON PATTERN JURY

INSTRUCTIONS: CRIMINAL 4.01, at 85 (3d ed. 2008). He argues the language in WPIC

2

4.01 that defines a reasonable doubt as "one for which *a reason exists*" tells jurors that they must be able to articulate a reason for having a reasonable doubt. *Id.* (emphasis added). Thus, he contends, jurors must have more than just a reasonable doubt; they must be able to articulate that doubt. He also contends this instruction is substantially similar to the fill-in-the-blank prosecutorial arguments that Washington courts have invalidated because those arguments shift the burden of proof to the defendant.

We first note that Mr. Delgado did not object to the propriety of WPIC 4.01 at trial. A defendant generally waives the right to appeal an error unless he or she raised an objection at trial. *State v. Kalebaugh*, 183 Wn.2d 578, 583, 355 P.3d 253 (2015). One exception to this rule is made for manifest errors affecting a constitutional right. RAP 2.5(a)(3); *Kalebaugh*, 183 Wn.2d at 583. An error is manifest if the appellant can show actual prejudice. *State v. O'Hara*, 167 Wn.2d 91, 99, 217 P.3d 756 (2009). Mr. Delgado claims an error of constitutional magnitude. But he shows neither error nor prejudice.

Washington courts have approved the relevant language of WPIC 4.01 as constitutionally sound for decades. As noted in *State v. Thompson*, 13 Wn. App. 1, 533 P.2d 395 (1975), the phrase "a doubt for which a reason exists"

> does not direct the jury to assign a reason for their doubts, but merely points out that their doubts must be based on reason, and not something vague or imaginary. A phrase in this context has been declared satisfactory in this jurisdiction for over 70 years.

3

*Thompson, id.* at 5 (citing *State v. Harras*, 25 Wash. 416, 65 P. 774 (1901)). The

Washington Supreme Court has consistently endorsed the language of WPIC 4.01. *See,*

*e.g., Bennett*, 161 Wn.2d at 318 (the Supreme Court exercises its "inherent supervisory

power" to require trial courts to use only WPIC 4.01 in instructing juries on the burden of

proof); *State v. Emery*, 174 Wn.2d 741, 759-60, 278 P.3d 653 (2012) (the prosecutor in

closing argument properly described reasonable doubt as a doubt for which a reason

exists).

Most recently, the Washington Supreme Court in *Kalebaugh*, 183 Wn.2d at 584,

reaffirmed that WPIC 4.01 was the correct legal instruction on reasonable doubt. The

trial judge in *Kalebaugh* gave a proper instruction from WPIC 4.01 in his preliminary

remarks to prospective jurors, but then attempted to further explain that reasonable doubt

was "'a doubt for which a reason *can be given*.'" *Id.* at 585 (emphasis by Supreme

Court). *Kalebaugh, id.* at 586, disfavored the judge's "offhand explanation," in part

because that language suggested that a reason must be given to doubt the defendant's

guilt. The error was held harmless, however, because the trial judge properly instructed

the jury at the end of the case with the language of WPIC 4.01. *Id.*

Mr. Delgado's assertion that WPIC 4.01 is similar to the "fill-in-the-blank"

prosecutorial argument held improper in *Emery*, 174 Wn.2d at 759-60, is without merit.

The prosecutor in *Emery* told the jury in closing argument that "'in order for you to find

the defendant not guilty, . . . you'd have to say, quote, I doubt the defendant is guilty, and

4

my reason is blank. A doubt for which a reason exists. If you think you have a doubt, you must fill in that blank.'" *Id.* at 750-51. This statement was inappropriate because it subtly shifted the burden of proving the case to the defendant to disprove. *Id.* at 760. The prosecutor's improper and potentially confusing statement did not support relief, however. *Emery* concluded that even if the appellants could show that the statement was incurable, they could not show a substantial likelihood that it affected the jury's verdict. *Id.* at 764 n.14. The jury was properly instructed on reasonable doubt with a WPIC 4.01 instruction, and the Court assumed—as it must—that the jury followed the instruction. *Id.*

### APPELLATE COSTS

Recognizing that he may be unsuccessful in this appeal, Mr. Delgado asks us to decline to impose the appellate costs authorized in RCW 10.73.160 and RAP 14.2. Under RCW 10.73.160(1), courts have discretion to require a criminal defendant to pay appellate costs. These costs are limited to the expenses incurred by the State in prosecuting or defending an appeal or collateral attack, and cannot include "expenditures to maintain and operate governmental agencies." RCW 10.73.160(2). The State may request recoupment of fees for the court-appointed counsel and the expenses incurred in producing the report of proceedings and clerk's papers. RCW 10.73.160(2), (3). RAP 14.2 states that a commissioner or clerk of the appellate court will award costs to the party that substantially prevails on appeal unless the appellate court directs otherwise.

5

No. 33423-6-III
*State v. Delgado*

In this case, the State asserts that it will not seek appellate costs. Consequently, the issue is moot and no continuing or substantial public interest requires a ruling. *See State v. Hunley*, 175 Wn.2d 901, 907, 287 P.3d 584 (2012) (the court generally will not consider an issue if it can no longer provide effective relief).

CONCLUSION

We are bound by the approval of the WPIC 4.01 reasonable doubt language in *Kalebaugh* and its predecessors. *See State v. Gore*, 101 Wn.2d 481, 487, 681 P.2d 227 (1984). Accordingly, we hold that Mr. Delgado cannot show manifest error justifying review under RAP 2.5(a)(3) of the unpreserved objection to the WPIC 4.01 beyond reasonable doubt instruction.

Affirmed.

A majority of the panel has determined this opinion will not be printed in the Washington Appellate Reports, but it will be filed for public record pursuant to RCW 2.06.040.

_____
Siddoway, J.

WE CONCUR:

_____
Fearing, C.J.

_____
Pennell, J.

6