IN THE COURT OF APPEALS OF THE STATE OF WASHINGTON
DIVISION THREE

| | | |
|---|---|---|
| STATE OF WASHINGTON, | ) | |
| | ) | No. 33672-7-III |
| Respondent, | ) | |
| | ) | |
| v. | ) | |
| | ) | |
| KURTIS SCOTT PHILLIPS, | ) | UNPUBLISHED OPINION |
| | ) | |
| Appellant. | ) | |
| | ) | |
| | ) | |

FEARING, C.J. — Kurtis Scott Phillips appeals from his 2015 Grant County convictions for second degree possession of stolen property, possession of methamphetamine, and third degree theft. He contends the jury instruction on reasonable doubt, based on Washington Pattern Jury Instruction (WPIC) 4.01, is unconstitutional because it shifts the burden of proof and requires the jury to articulate a reason for doubt. *See* 11 WASHINGTON PRACTICE: WASHINGTON PATTERN JURY INSTRUCTIONS: CRIMINAL 4.01, at 85 (3d ed. 2008). We disagree and affirm Phillip's convictions.

## FACTS

In July 2014, Kurtis Phillips used a stolen credit card to buy items at a smoke shop, a department store, and a gas station. Ephrata police officers arrested him and

found methamphetamine in his backpack.

## PROCEDURE

The State of Washington charged Kurtis Phillips with second degree possession of stolen property, possession of methamphetamine, third degree theft, tampering with physical evidence, and making a false or misleading statement to a public servant. At trial, the court instructed the jury on reasonable doubt:

> The defendant is presumed innocent. This presumption continues throughout the entire trial unless during your deliberations you find it has been overcome by the evidence beyond a reasonable doubt.
>
> A reasonable doubt is one for which a reason exists and may arise from the evidence or lack of evidence. It is such a doubt as would exist in the mind of a reasonable person after fully, fairly, and carefully considering all of the evidence or lack of evidence. If, from such a consideration, you have an abiding belief in the truth of a charge, you are satisfied beyond a reasonable doubt as to that charge.

Clerk's Papers (CP) at 16. Phillips did not object to this instruction. The jury found him guilty of second degree possession of stolen property, possession of methamphetamine, and third degree theft, but acquitted him of the remaining charges.

## LAW AND ANALYSIS

Kurtis Phillips assigns error to the reasonable doubt jury instruction. We review a challenge to the language of a jury instruction de novo, in the context of the instructions as a whole. *State v. Bennett*, 161 Wn.2d 303, 307, 165 P.3d 1241 (2007); *In re Pers. Restraint of Hegney*, 138 Wn. App. 511, 521, 158 P.3d 1193 (2007). Jury instructions are

2

upheld on appeal if they allow the parties to argue their theories of the case, do not mislead the jury, and properly inform the jury of the applicable law. *State v. Bennett*, 161 Wn.2d at 307.

The trial court took its reasonable doubt jury instruction nearly verbatim from WPIC 4.01. Kurtis Phillips argues that the language in WPIC 4.01, that defines a reasonable doubt as "one for which *a reason exists*," tells jurors that they must be able to articulate a reason for having a reasonable doubt. WPIC 4.01 (emphasis added). Thus, he contends, the instruction erroneously informs jurors that they must have more than just a reasonable doubt - they must be able to articulate that doubt. He asserts that the instruction mirrors the fill-in-the-blank prosecutorial arguments that Washington courts have invalidated because those arguments shift the burden of proof to the defendant. Finally, he also challenges the language describing reasonable doubt as the abiding belief "in the truth of the charge," as a misstatement of the burden of proof.

We note that Kurtis Phillips did not object to the propriety of WPIC 4.01 at trial. A defendant generally waives the right to appeal an error unless he or she raised an objection at trial. *State v. Kalebaugh*, 183 Wn.2d 578, 583, 355 P.3d 253 (2015). One exception to this rule is made for manifest errors affecting a constitutional right. RAP 2.5(a)(3); *State v. Kalebaugh*, 183 Wn.2d at 583. An error is manifest if the appellant can show actual prejudice. *State v. O'Hara*, 167 Wn.2d 91, 99, 217 P.3d 756 (2009).

3

Phillips claims an error of constitutional magnitude, but he shows neither error nor prejudice.

Washington courts have approved the relevant language of WPIC 4.01 as constitutionally sound for decades. As noted in *State v. Thompson*, 13 Wn. App. 1, 533 P.2d 395 (1975), the phrase "a doubt for which a reason exists"

> does not direct the jury to assign a reason for their doubts, but merely points out that their doubts must be based on reason, and not something vague or imaginary. A phrase in this context has been declared satisfactory in this jurisdiction for over 70 years.

*Thompson*, 13 Wn. App. at 5 (citing *State v. Harras*, 25 Wash. 416, 65 P. 774 (1901)). Likewise, Washington's traditional "abiding belief in the truth" language has been upheld in several cases. *See* WPIC 4.01, Task force cmt. at 85-86 (citing *State v. Pirtle*, 127 Wn.2d 628, 657-58, 904 P.2d 245 (1995) and other cases). The Washington Supreme Court has consistently endorsed the language of WPIC 4.01. *See, e.g., State v. Bennett*, 161 Wn.2d at 318 (the Supreme Court exercises its "inherent supervisory power" to require trial courts to use only WPIC 4.01 in instructing juries on the burden of proof); *State v. Emery*, 174 Wn.2d 741, 759-60, 278 P.3d 653 (2012) (the prosecutor in closing argument properly described reasonable doubt as a doubt for which a reason exists).

Most recently, the Washington Supreme Court in *State v. Kalebaugh*, 183 Wn.2d at 584, reaffirmed that WPIC 4.01 is the correct legal instruction on reasonable doubt. The trial judge in *Kalebaugh* gave a proper instruction from WPIC 4.01 in his

4

preliminary remarks to prospective jurors, but then attempted to further explain that reasonable doubt was "'a doubt for which a reason *can be given.*'" *Kalebaugh*, 183 Wn.2d at 585 (emphasis by Supreme Court). *Kalebaugh*, 183 Wn.2d at 586, disfavored the judge's "offhand explanation," in part because that language suggested that a reason must be given to doubt the defendant's guilt. The error was held harmless, however, because the trial judge properly instructed the jury at the end of the case with the language of WPIC 4.01.

Kurtis Phillips's assertion that WPIC 4.01 is similar to the "fill-in-the-blank" prosecutorial argument held improper in *State v. Emery*, 174 Wn.2d at 759-60, also fails. The prosecutor in *Emery* told the jury in closing argument that "'in order for you to find the defendant not guilty . . . you'd have to say, quote, I doubt the defendant is guilty, and my reason is blank. A doubt for which a reason exists. If you think you have a doubt, you must fill in that blank.'" *Emery*, 174 Wn.2d at 750-51. This statement was inappropriate because it subtly shifted the burden of proving the case to the defendant to disprove. The prosecutor's improper and potentially confusing statement did not support relief, however. *Emery* concluded that even if the appellants could show that the statement was incurable, they could not show a substantial likelihood that it affected the jury's verdict. The jury was properly instructed on reasonable doubt with a WPIC 4.01 instruction, and the Court assumed that the jury followed the instruction.

5

No. 33672-7-III
*State v. Phillips*

CONCLUSION

We are bound by the approval of the WPIC 4.01 reasonable doubt language in *Kalebaugh* and its predecessors. Accordingly, we hold that Kurtis Phillips cannot show manifest error justifying review under RAP 2.5(a)(3) of the unpreserved objection to the WPIC 4.01 beyond reasonable doubt instruction.

Affirmed.

A majority of the panel has determined this opinion will not be printed in the Washington Appellate Reports, but it will be filed for public record pursuant to RCW 2.06.040.

Fearing, C.J.

WE CONCUR:

Korsmo, J.

Siddoway, J.

6