IN THE COURT OF APPEALS OF THE STATE OF WASHINGTON

DIVISION THREE

| | | |
|---|---|---|
| STATE OF WASHINGTON, | ) | |
| | ) | No. 33425-2-III |
| Respondent, | ) | |
| | ) | |
| v. | ) | |
| | ) | |
| ISMAEL SOTO-VALDEZ, | ) | UNPUBLISHED OPINION |
| | ) | |
| Appellant. | ) | |

KORSMO, J. — Ismael Soto-Valdez appeals his conviction for unlawful possession of a controlled substance, oxycodone. The sole substantive issue he raises is one we have rejected regularly, and we decline to consider his challenge to the legal financial obligations (LFOs) imposed by the trial court. Accordingly, the judgment is affirmed.

Mr. Soto-Valdez contends that the court erred in giving the standard reasonable doubt instruction, challenging this paragraph from instruction 3:

> A reasonable doubt is one for which a reason exists and may arise from the evidence or lack of evidence. It is such a doubt as would exist in the mind of a reasonable person after fully, fairly, and carefully considering all of the evidence or lack of evidence. If, from such consideration, you have an abiding belief in the truth of the charge, you are satisfied beyond a reasonable doubt.

Clerk's Papers at 28. Neither party objected to the trial court's use of this instruction.

This language comes from WPIC 4.01, an instruction that the Washington Supreme Court has directed that trial courts use. *State v. Bennett*, 161 Wn.2d 303, 318, 165 P.3d 1241 (2007). Arguing that the word "truth" is inappropriate, Mr. Soto-Valdez contends that this instruction runs afoul of the Sixth and Fourteenth Amendments to the United States Constitution.

This argument is one that has a long history of being rejected. *See State v. Harras*, 25 Wash. 416, 421, 65 P. 774 (1901); *State v. Thompson*, 13 Wn. App. 1, 5, 533 P.2d 395 (1975). The modern formulation of the argument has repeatedly been rejected in recent years. *State v. Jenson*, 194 Wn. App. 900, 378 P.3d 270 (2016); *State v. Osman*, 192 Wn. App. 355, 375, 366 P.3d 956 (2016); *State v. Lizarrago*, 191 Wn. App. 530, 567, 364 P.3d 810 (2015); *State v. Kinzle*, 181 Wn. App. 774, 784, 326 P.3d 870 (2014); *State v. Fedorov*, 181 Wn. App. 187, 200, 324 P.3d 784 (2014). The contention is utterly without merit.

The other argument is a contention that the trial court did not conduct an adequate inquiry into Mr. Soto-Valdez's ability to pay before imposing LFOs totaling $4,156.[1] This issue is based on *State v. Blazina*, 182 Wn.2d 827, 344 P.3d 680 (2015). In *Blazina*, the court ruled that appellate courts have discretionary authority to hear LFO challenges raised for the first time on appeal. *Id.* at 833-835. Although *Blazina* empowers appellate

---

[1] The judgment and sentence form tallies the total as $3,706. The trial court should correct the judgment tally. Mr. Soto-Valdez need not be present.

No. 33425-2-III
*State v. Soto-Valdez*

courts to consider LFO challenges where the trial court did not conduct the statutory inquiry at sentencing, it is less certain whether that discretionary authority applies to post-*Blazina* sentencings, such as this one, involving an unchallenged, but inadequate, inquiry. Assuming that we have such authority, a majority of this panel has decided to not exercise it under the facts of this case. Mr. Soto-Valdez admitted he was employable and did not plead any impediment to earning a living upon release from custody. The vast bulk of the LFOs imposed here are mandatory costs or fines not subject to the inquiry required by RCW 10.01.160(3). *See State v. Clark*, 191 Wn. App. 369, 374-376, 362 P.3d 309 (2015) (holding fines are not "costs" under the statute).

The judgment is affirmed.

A majority of the panel has determined this opinion will not be printed in the Washington Appellate Reports, but it will be filed for public record pursuant to RCW 2.06.040.

Korsmo, J.

WE CONCUR:

Siddoway, J.

Lawrence-Berrey, A.C.J.

3