FILED
MAY 2, 2017
In the Office of the Clerk of Court
WA State Court of Appeals, Division III

IN THE COURT OF APPEALS OF THE STATE OF WASHINGTON
DIVISION THREE

| | | |
|---|---|---|
| STATE OF WASHINGTON, | ) | |
| | ) | No. 34398-7-III |
| Respondent, | ) | |
| | ) | |
| v. | ) | |
| | ) | |
| SCOTT HOWARD GREGER, | ) | UNPUBLISHED OPINION |
| | ) | |
| Appellant. | ) | |

KORSMO, J. — Scott Greger appeals from his conviction for taking a motor vehicle, challenging the standard reasonable doubt instruction and the imposition at sentencing of a $200 assessment for the criminal filing fee. He did not object to either of these actions at trial. Since the arguments are ones we have repeatedly rejected in recent months, we summarily affirm without significant discussion.

Unless the issue presents a manifest question of constitutional law, typically an argument cannot be raised on appeal if it was not presented to the trial court. RAP 2.5(a)(3). Thus, to present his challenge to the reasonable doubt instruction, which in this case followed standard WPIC 4.01, Mr. Greger must demonstrate that it is unconstitutional. He has not met that burden.

There is a long history of rejecting challenges to the standard reasonable doubt instruction. *See State v. Harras*, 25 Wash. 416, 421, 65 P. 774 (1901); *State v. Thompson*, 13 Wn. App. 1, 5, 533 P.2d 395 (1975). Challenges to modern formulations of the instruction repeatedly have been rejected in recent years. *State v. Kalebaugh*, 183 Wn.2d 578, 585-586, 355 P.3d 253 (2015); *State v. Bennett*, 161 Wn.2d 303, 165 P.3d 1241 (2007); *State v. Jenson*, 194 Wn. App. 900, 378 P.3d 270 (2016); *State v. Osman*, 192 Wn. App. 355, 375, 366 P.3d 956 (2016); *State v. Lizarraga*, 191 Wn. App. 530, 567, 364 P.3d 810 (2015); *State v. Kinzle*, 181 Wn. App. 774, 784, 326 P.3d 870 (2014); *State v. Fedorov*, 181 Wn. App. 187, 200, 324 P.3d 784 (2014). Although Mr. Greger emphasizes different language than that challenged in some of the earlier cases, merely challenging different language fails to address the context of the whole instruction. Mr. Greger's contention is without merit.

He also argues that the $200 criminal filing fee is discretionary and, therefore, the trial court was required to conduct an inquiry into his ability to pay it prior to imposing the fee. *See State v. Blazina*, 182 Wn.2d 827, 344 P.3d 680 (2015). This argument has been rejected before. *State v. Lundy*, 176 Wn. App. 96, 102, 308 P.3d 755 (2013). RCW 36.18.020(2) mandates that the clerk of court "shall collect the following fees . . . (h) upon conviction or plea of guilty . . . an adult defendant in a criminal case shall be liable for a fee of two hundred dollars."

No. 34398-7-III
*State v. Greger*

This language is mandatory. The clerk *shall collect* the fee and the defendant *shall be liable* for it. It is difficult to see how the legislature could be much clearer in its directive. The court did not err in imposing the $200 mandatory criminal filing fee. Affirmed.[1]

A majority of the panel has determined this opinion will not be printed in the Washington Appellate Reports, but it will be filed for public record pursuant to RCW 2.06.040.

Korsmo, J.

WE CONCUR:

Fearing, C.J.

Siddoway, J.

---

[1] Mr. Greger having complied with our General Order concerning indigency and appellate costs, and the record revealing that he was on public assistance at the time of the offense and has significant debt, including previous legal financial obligations totaling nearly $20,000, we grant his request to waive appellate costs.