IN THE COURT OF APPEALS OF THE STATE OF WASHINGTON
DIVISION THREE

| | | |
|---|---|---|
| STATE OF WASHINGTON, | ) | |
| | ) | No. 33875-4-III |
| Respondent, | ) | |
| | ) | |
| v. | ) | |
| | ) | |
| MARK E. COCKRUM, | ) | UNPUBLISHED OPINION |
| | ) | |
| Appellant. | ) | |
| | ) | |

FEARING, C.J. — Mark Cockrum was convicted in 2015 by a Kittitas County jury

of two counts of delivery of methamphetamine and one count of possessing

methamphetamine. He contends on appeal that the jury instruction on reasonable doubt,

which defines reasonable doubt as "one for which a reason exists," is unconstitutional

because it shifts the burden of proof and requires the jury to articulate a reason. He also

challenges the sufficiency of the evidence to support his convictions and contends he had

ineffective assistance of counsel. We hold, as we have in many recent decisions, that the

reasonable doubt instruction is not erroneous since it is a standard instruction approved

by the state Supreme Court. We also conclude that the evidence is sufficient to support

Cockrums' convictions and that he fails to show ineffective assistance of counsel. Thus, we affirm the convictions.

## FACTS

In May 2015, two Kittitas County detectives visited Steven King in the county jail after law enforcement arrested King for driving with a suspended license. The detectives agreed to talk with the county prosecutor about dropping the charges if King assisted in controlled drug buys. King offered to buy methamphetamine from Mark Cockrum, one of his regular suppliers.

The detectives arranged for Steven King's release from jail, strip-searched him, gave him money, and left him a few blocks from Mark Cockrum's trailer. The detectives placed no surveillance device on King. Two additional officers in an unmarked car near the trailer watched as King walked into the trailer park. Trees obstructed the additional officers' view of the door of the trailer, so the two did not see King enter Cockrum's trailer.

Steven King testified at trial that three men occupied Mark Cockrum's trailer when he entered. He purchased the methamphetamine from Cockrum, then returned to the block where the detectives left him. The detectives picked up King, retrieved the methamphetamine, and again strip-searched King.

Steven King offered to return to the Mark Cockrum trailer for a second purchase. The detectives handed King more money, then dropped him off within walking distance

2

of Cockrum's trailer. According to King, five individuals occupied the trailer during his second visit. He bought methamphetamine solely from Cockrum. When officers later arrested Cockrum, they found a bag of methamphetamine in his sock.

## PROCEDURE

The State of Washington charged Mark Cockrum with two counts of delivery of methamphetamine and one count of possession of methamphetamine. At trial, the court instructed the jury on reasonable doubt:

> A defendant is presumed innocent. This presumption continues throughout the entire trial unless you find during your deliberations that it has been overcome by the evidence beyond a reasonable doubt.
>
> A reasonable doubt is one for which a reason exists and may arise from the evidence or lack of evidence. It is such a doubt as would exist in the mind of a reasonable person after fully, fairly, and carefully considering all of the evidence or lack of evidence. If, from such consideration, you have an abiding belief in the truth of the charge, you are satisfied beyond a reasonable doubt.

Clerk's Papers (CP) at 16. Cockrum did not object to this instruction. The jury found him guilty as charged.

## LAW AND ANALYSIS

### Reasonable Doubt Instruction

Mark Cockrum challenges the reasonable doubt instruction. We review a challenge to the language of a jury instruction de novo, in the context of the instructions as a whole. *State v. Bennett*, 161 Wn.2d 303, 307, 165 P.3d 1241 (2007); *In re Pers. Restraint of Hegney*, 138 Wn. App. 511, 521, 158 P.3d 1193 (2007). Jury instructions are

3

upheld on appeal if they allow the parties to argue their theories of the case, do not

mislead the jury, and properly inform the jury of the applicable law. *State v. Bennett*, 161

Wn.2d at 307.

The trial court took the reasonable doubt jury instruction nearly verbatim from

WPIC 4.01. *See* WPIC 4.01 at 85. Mark Cockrum argues that the language in WPIC

4.01, that defines a reasonable doubt as "one for which *a reason exists*," informs jurors

that the jury must articulate a reason for having a reasonable doubt in order to acquit the

accused. WPIC 4.01 at 85 (emphasis added). Thus, he contends, jurors must have more

than just a reasonable doubt; they must be able to articulate that doubt. Cockrum also

challenges the language describing reasonable doubt as the abiding belief "in the truth of

the charge," which he insists is a misstatement of the burden of proof. CP at 16.

We note that Mark Cockrum never objected to the propriety of the reasonable

doubt instruction at trial. A defendant generally waives the right to appeal an error unless

he or she raised an objection at trial. *State v. Kalebaugh*, 183 Wn.2d 578, 583, 355 P.3d

253 (2015). One exception to this rule is made for manifest errors affecting a

constitutional right. RAP 2.5(a)(3); *Kalebaugh*, 183 Wn.2d at 583. Cockrum claims an

error of constitutional magnitude, but he shows no error.

Washington courts have approved the language of WPIC 4.01 as constitutionally

sound. As noted in *State v. Thompson*, 13 Wn. App. 1, 533 P.2d 395 (1975), the phrase

"a doubt for which a reason exists"

4

> does not direct the jury to assign a reason for their doubts, but merely points out that their doubts must be based on reason, and not something vague or imaginary. A phrase in this context has been declared satisfactory in this jurisdiction for over 70 years.

*Thompson*, 13 Wn. App at 5 (citing *State v. Harras*, 25 Wash. 416, 65 P. 774 (1901)).

Likewise, Washington's traditional "abiding belief in the truth" language has been upheld by the state high court. *State v. Pirtle*, 127 Wn.2d 628, 657-58, 904 P.2d 245 (1995). The Washington Supreme Court has consistently endorsed the language of WPIC 4.01. *State v. Emery*, 174 Wn.2d 741, 759-60, 278 P.3d 653 (2012); *State v. Bennett*, 161 Wn.2d 303, 318 (2007).

Most recently, the Washington Supreme Court, in *State v. Kalebaugh*, 183 Wn.2d 578, 583, 355 P.3d 253 (2015), reaffirmed that WPIC 4.01 was the correct legal instruction on reasonable doubt. The trial judge in *Kalebaugh* gave a proper instruction from WPIC 4.01 in his preliminary remarks to prospective jurors, but then attempted to further explain that reasonable doubt was "'a doubt for which a reason *can be given*.'" *State v. Kalebaugh*, 183 Wn.2d at 585 (emphasis by Supreme Court). The Supreme Court disfavored the judge's "offhand explanation," in part because that language suggested that a reason must be given to doubt the defendant's guilt. The error was held harmless, however, because the trial judge properly instructed the jury at the end of the case with the language of WPIC 4.01.

We reject Mark Cockrum's assertion that WPIC 4.01 is similar to the "fill-in-the-blank" prosecutorial argument held improper in *State v. Emery*, 174 Wn.2d at 759-60. The prosecutor in *Emery* told the jury in closing argument that "'in order for you to find the defendant not guilty, . . . you'd have to say, quote, I doubt the defendant is guilty, and my reason is blank. A doubt for which a reason exists. If you think you have a doubt, you must fill in that blank.'" *State v. Emery*, 174 Wn.2d at 750-51. This statement was inappropriate because it subtly shifted the burden of proving the case to the defendant to disprove. The prosecutor's improper and potentially confusing statement did not support relief, however. *Emery* concluded that even if the appellants could show that the statement was incurable, they could not show a substantial likelihood that it affected the jury's verdict. The jury was properly instructed on reasonable doubt with a WPIC 4.01 instruction.

## Sufficiency of the Evidence

In his pro se statement of additional grounds for review, Mark Cockrum contends that the State failed to provide sufficient evidence that he committed the two deliveries of methamphetamine. He asserts that Steven King is an unreliable informant whose testimony was unsupported by marked sale money, audio recordings of the sales, or video surveillance. Cockrum further contends that, because numerous people were in his trailer during the drug sales, any one of them could have sold the methamphetamine to King.

The State must prove all elements of an offense beyond a reasonable doubt. *State v. Rich*, 184 Wn.2d at 903. To determine whether the evidence is sufficient to support each element, we review the evidence in the light most favorable to the State. *State v. Rich*, 184 Wn.2d at 903; *State v. Larson*, 184 Wn.2d 843, 854-55, 365 P.3d 740 (2016). This evidence may be either direct or circumstantial, and one type of evidence is no more or less trustworthy than the other. *State v. Rangel-Reyes*, 119 Wn. App. 494, 499, 81 P.3d 157 (2003). Issues of conflicting testimony, the credibility of the witnesses, and the persuasiveness of the evidence are left to the jury. *State v. Andy*, 182 Wn.2d 294, 303, 340 P.3d 840 (2014). We will uphold a conviction if any rational trier of fact could have found the essential elements beyond a reasonable doubt. *Larson*, 184 Wn.2d at 855.

The State charged Mark Cockrum with delivery of methamphetamine in violation of RCW 69.50.401, which reads: "it is unlawful for any person to manufacture, deliver, or possess with intent to manufacture or deliver, a controlled substance." "Delivery" is defined as "the actual or constructive transfer from one person to another of a substance." RCW 69.50.101(g). Steven King testified that he bought methamphetamine twice from Cockrum. King's girlfriend testified that she accompanied King in the past when he bought drugs from Cockrum. Officers testified that they watched King walk toward Cockrum's trailer, although they could not see him actually enter the trailer, and they saw King return from the trailer with methamphetamine. This combination of direct and circumstantial evidence, considered in the light most favorable to the State, sufficiently

7

supports each element of the charges of delivery of a controlled substance.

## Effectiveness of Counsel

In the second of his pro se issues, Mark Cockrum contends he had ineffective assistance of counsel. To prevail, he must show, with a preponderance of the evidence, that his counsel's performance fell below an objective standard of reasonableness and that the deficiency prejudiced him. *Strickland v. Washington*, 466 U.S. 668, 687-88, 104 S. Ct. 2052, 80 L. Ed. 2d 674 (1984). We strongly presume that counsel provided effective assistance. *State v. Reichenbach*, 153 Wn.2d 126, 130, 101 P.3d 80 (2004).

Mark Cockrum contends that he told trial counsel that the jail had an audio recording of Steven King admitting that Cockrum was not the one who sold the methamphetamine, but that counsel refused to obtain the recording. Cockrum's allegation, without support in the record, is insufficient to show that his counsel did not properly investigate his case. Cockrum also claims that his counsel recently worked for the prosecutor's office. Cockrum may allege that counsel had a conflict of interest. These allegations are also not supported by the record and are insufficient in themselves to show that defense counsel's performance fell below objective standards of reasonableness. *Strickland*, 466 U.S. at 687-88.

## CONCLUSION

We hold that Mr. Cockrum cannot show manifest error justifying review under RAP 2.5(a)(3) of the unpreserved objection to the beyond reasonable doubt instruction

8

No. 33875-4-III
*State v. Cockrum*

based on WPIC 4.01. We also hold that the evidence supports his convictions and that he fails to prove ineffective assistance of counsel.

Affirmed.

A majority of the panel has determined this opinion will not be printed in the Washington Appellate Reports, but it will be filed for public record pursuant to RCW 2.06.040.

_____
Fearing, C.J.

WE CONCUR:

_____
Korsmo, J.

_____
Siddoway, J.

9