[No. 47647-9-II.   Division Two.   July 6, 2016.]

THE STATE OF WASHINGTON, *Respondent*, v. ELIZABETH B. JENSON, *Appellant*.

*Jodi R. Backlund* (of *Backlund & Mistry*), for appellant.

*Mark E. Lindquist, Prosecuting Attorney*, and *Thomas C. Roberts, Deputy*, for respondent.

¶1   JOHANSON, J. — A jury found Elizabeth Jenson guilty of two counts of first degree identity theft, two counts of second degree theft, one count of second degree identity

theft, and one count of third degree theft. Jenson appeals her convictions and sentence. In the published portion of the opinion, we hold that the trial court's reasonable doubt instruction did not improperly focus the jury on a search for "the truth." In the unpublished portion of the opinion, we conclude that the charging document is constitutionally sufficient, that the identity theft statute is constitutional, and that the trial court properly calculated Jenson's offender score. We affirm Jensen's convictions and sentence.

## REASONABLE DOUBT INSTRUCTION

¶2 Jenson argues that the trial court's reasonable doubt jury instruction improperly focused the jury on a "search for the truth." We reject this argument and adopt the reasoning in *State v. Fedorov*, 181 Wn. App. 187, 324 P.3d 784, *review denied*, 181 Wn.2d 1009 (2014).

¶3 We review a challenged jury instruction de novo, evaluating it in the context of the instructions as a whole. *State v. Brett*, 126 Wn.2d 136, 171, 892 P.2d 29 (1995). Although no specific wording is required, jury instructions must define "reasonable doubt" and clearly communicate that the State carries the burden of proof. *State v. Bennett*, 161 Wn.2d 303, 307, 165 P.3d 1241 (2007).

¶4 Here, the trial court instructed the jury based on 11 *Washington Practice: Washington Pattern Jury Instructions: Criminal* 4.01, at 27 (3d ed. Supp. 2014-15), which provides,

> A reasonable doubt is one for which a reason exists and may arise from the evidence or lack of evidence. It is such a doubt as would exist in the mind of a reasonable person after fully, fairly, and carefully considering all of the evidence or lack of evidence. [If, from such consideration, you have an abiding belief in the truth of the charge, you are satisfied beyond a reasonable doubt.]

The trial court included the optional bracketed language. Our Supreme Court has approved this " 'abiding belief' in the

truth" language. *State v. Pirtle*, 127 Wn.2d 628, 658, 904 P.2d 245 (1995).

¶5 Jenson, acknowledging that the phrase "abiding belief in the truth" passes constitutional muster, admits that she does not challenge the use of that phrase. Rather, she challenges what she calls the instruction's focus on "the truth." She cites *State v. Emery*, arguing that the "belief in the truth" language is similar to the impermissible "speak the truth" remarks made by the State during closing argument in *Emery*. 174 Wn.2d 741, 760, 278 P.3d 653 (2012).

¶6 But in *Fedorov*, Division One of this court rejected the argument that Jenson makes here—that this "belief in the truth" language encourages the jury to undertake an impermissible search for the truth. 181 Wn. App. at 199-200. *Fedorov* reasoned that language was not analogous to the remarks at issue in *Emery*. 181 Wn. App. at 200. The *Fedorov* court held that the instructions precisely stated the law because the "belief in the truth" phrase "accurately informs the jury its 'job is to determine whether the State has proved the charged offenses beyond a reasonable doubt.' " 181 Wn. App. at 200 (quoting *Emery*, 174 Wn.2d at 760).

¶7 We adopt Division One's reasoning in *Fedorov*. The circumstances in *Emery* are different from those here. To invite a jury to declare the truth mischaracterizes the jury's role, suggesting that its role is to solve the case. *Emery*, 174 Wn.2d at 760. The existence or nonexistence of an "abiding belief in the truth," however, correctly invites the jury to weigh the evidence. We, therefore, hold that the trial court's instruction accurately defined "reasonable doubt" and clearly communicated the State's burden of proof. Jenson's argument fails. We affirm her convictions and sentence.

¶8 A majority of the panel having determined that only the foregoing portion of this opinion will be printed in the Washington Appellate Reports and that the remainder

shall be filed for public record in accordance with RCW 2.06.040, it is so ordered.

LEE and SUTTON, JJ., concur.

Review denied at 186 Wn.2d 1026 (2016).