# IN THE COURT OF APPEALS OF THE STATE OF WASHINGTON

## DIVISION II

| | |
|---|---|
| STATE OF WASHINGTON, | No. 47844-7-II |
| Respondent, | |
| v. | |
| JAMES EDWARD HENDERSON, | UNPUBLISHED OPINION |
| Appellant, | |

MELNICK, J. – James Edward Henderson appeals his unlawful possession of a controlled substance (cocaine) conviction. He contends both prosecutorial misconduct and instructional error denied him a fair trial. We disagree and affirm.

## FACTS

During the course of a drug investigation, Lakewood Police Department detective Ryan Larson obtained a search warrant for Henderson's home. Henderson shared the home with his daughter. While executing the search warrant, Henderson told Officer Larson there were both marijuana and crack cocaine in his residence. Specifically, Henderson stated that there was crack cocaine in his kitchen on a plate above the stove. Officers located the crack cocaine exactly where Henderson said it would be. Officers also located a small, digital scale next to the plate; another small scale; and $110 in cash on Henderson.

The State charged Henderson with unlawful possession of a controlled substance (cocaine) with intent to deliver.[1]  At trial, the court instructed the jury that the State "has the burden of proving each element of the crime beyond a reasonable doubt."  Clerk's Papers (CP) at 21.  The court continued, "A reasonable doubt is one for which a reason exists and may arise from the evidence or lack of evidence. . . .  If, from such consideration, you have an abiding belief in the truth of the charge, you are satisfied beyond a reasonable doubt."  CP at 21.  Henderson objected to this instruction, arguing, "Abiding belief is somewhat of an ambiguous statement, and it could have the likelihood of making the jury think that they have to—that the standard of proof is lower than it really is."  3 Report of Proceedings (RP) at 204.  Henderson did not object to the use of the phrase, "truth of the charge."  CP at 21.

During closing remarks, the prosecutor reiterated to the jury the elements of unlawful possession of a controlled substance with intent to deliver.  The prosecutor stated that the date and location of the crime were clearly established.  The prosecutor then stated, "Did the defendant possess the controlled substances found in his residence?  I submit to you that element has been satisfied as well."  4 RP at 276.  The prosecutor continued:

> [N]ot only was this the defendant's residence—there's no dispute over that—you have a jury instruction, a separate jury instruction, that notes what possession is, that under Jury Instruction No. 11, it tells you that dominion and control establishes possession.
>     Now, no single one of these factors necessarily controls your decision, but you, as members of the jury, are not asked to leave your common sense at the courtroom door. You bring that with you.
>     Does it make sense that if someone owns a residence that they have dominion and control over that residence? That answer is yes.

4 RP at 276.  Henderson did not object.

---

[1] The State also charged Henderson with unlawful delivery of a controlled substance, which the trial court dismissed prior to trial.

The jury found Henderson guilty of the lesser-included offense of unlawful possession of a controlled substance. Henderson appealed.

ANALYSIS

I.    PROSECUTORIAL MISCONDUCT

Henderson contends, for the first time on appeal, that the prosecutor committed misconduct during his closing argument when the prosecutor stated that dominion and control establishes possession. Henderson alleges that the prosecutor misstated the law thereby depriving him of a fair trial. We disagree

A defendant has a fundamental right to a fair trial under the Sixth and Fourteenth Amendments to the United States Constitution and article I, section 22 of the Washington Constitution. *In re Pers. Restraint of Glasmann*, 175 Wn.2d 696, 703, 286 P.3d 673 (2012). Prosecutorial misconduct can deprive a defendant of this constitutional right. *Glasmann*, 175 Wn.2d at 703-04. To prevail on a prosecutorial misconduct claim, a defendant must prove that the prosecutor's conduct was both improper and prejudicial. *Glasmann*, 175 Wn.2d at 704. Prejudice is established if there is a substantial likelihood that the misconduct affected the jury's verdict. *State v. Dhaliwal*, 150 Wn.2d 559, 578, 79 P.3d 432 (2003). If the defendant did not object at trial, as is the case here, the defendant is deemed to have waived any error unless the misconduct was so flagrant and ill-intentioned that an instruction could not have cured the resulting prejudice. *State v. Emery*, 174 Wn.2d 741, 760-61, 278 P.3d 653 (2012).

"In the context of closing arguments, the prosecuting attorney has 'wide latitude in making arguments to the jury and prosecutors are allowed to draw reasonable inferences from the evidence.'" *State v. Fisher*, 165 Wn.2d 727, 747, 202 P.3d 937 (2009) (quoting *State v. Gregory*, 158 Wn.2d 759, 860, 147 P.3d 1201 (2006), *overruled on other grounds by State v. W.R.*, 181

3

Wn.2d 757, 336 P.3d 1134 (2014)). "We review the prosecutor's comments during closing argument in the context of the entire argument, the issues in the case, the evidence addressed in the argument, and the jury instructions." *State v. Sakellis*, 164 Wn. App. 170, 185, 269 P.3d 1029 (2011).

In stating the relevant law to the jury, a prosecutor may not stray beyond the boundaries of the jury's instructions. *State v. Walker*, 164 Wn. App. 724, 736, 265 P.3d 191 (2011). A prosecutor who misstates the law commits a "serious irregularity" with "grave potential to mislead the jury." *Walker*, 164 Wn. App. at 736.

One of the elements of unlawful possession of a controlled substance with intent to deliver is possession. RCW 69.50.401(1). Possession may be actual or constructive. *State v. Jones*, 146 Wn.2d 328, 333, 45 P.3d 1062 (2002). A person's dominion and control over a premises is one factor indicating constructive possession and allows the trier of fact to infer that the person has dominion and control over the items in the premises. *State v. Shumaker*, 142 Wn. App. 330, 334, 174 P.3d 1214 (2007).

The trial court properly instructed the jury that possession may be "actual or constructive" and "[c]onstructive possession occurs when there is no actual physical possession but there is dominion and control over the substance." CP at 30. The court further instructed that "Proximity alone without proof of dominion and control is insufficient to establish constructive possession. Dominion and control need not be exclusive to support a finding of constructive possession." CP at 30.

Whether a person has dominion and control over an item depends on the totality of the circumstances. *State v. Jeffrey*, 77 Wn. App. 222, 227, 889 P.2d 956 (1995). Dominion and control can be proved with substantial circumstantial evidence. *State v. Gutierrez*, 50 Wn. App. 583, 592,

749 P.2d 213 (1988). While evidence of residence, personal possessions on the premises, or knowledge of the presence of drugs are insufficient individually to show dominion and control, these factors can establish dominion and control of the premises if found together. *State v. Collins*, 76 Wn. App. 496, 501, 886 P.2d 243 (1995).

During closing remarks, the prosecutor stated, "[N]ot only was this the defendant's residence—there's no dispute over that—you have a jury instruction, a separate jury instruction, that notes what possession is . . . it tells you that dominion and control establishes possession." 4 RP at 276. The prosecutor then stated, "Does it make sense that if someone owns a residence that they have dominion and control over that residence? That answer is yes." 4 RP at 276.

The prosecutor stated that it makes sense that someone who owns a residence has dominion and control over the residence. But, the prosecutor also stated, "no single one of these factors necessarily controls your decision." 4 RP 276. Moreover the context of the prosecutor's remark was that there were several factors to be considered. Another factor that the prosecutor discussed was Henderson's "admissions" to Detective Larson regarding where the cocaine would be located. 4 RP at 276.

Reviewing the prosecutor's comment in the context of the entire argument, the issues in the case, the evidence addressed in the argument, and the jury instructions, the prosecutor's comments were neither flagrant nor ill-intentioned; therefore, Henderson waived his claim that the prosecutor violated his right to a fair trial. *State v. Thorgerson*, 172 Wn.2d 438, 443, 258 P.3d 43 (2011).

II.     REASONABLE DOUBT INSTRUCTION

The trial court based its reasonable doubt jury instruction on WPIC 4.01.[2]  Henderson argues that the language in WPIC 4.01 describing reasonable doubt as the abiding belief "in the truth of the charge" is a misstatement of the burden of proof because the instruction improperly focused the jury on a search for "the truth."[3]  The State argues it would be improper to reject the standard instruction found in WPIC 4.01. We agree with the State and find no error.[4]

This court recently addressed and rejected Henderson's argument in *State v. Jenson*, 194 Wn. App. 900, 902, 378 P.3d 270 (2016).  We held in *Jenson* that when read in context, the abiding "belief in the truth" of the charge phrase "accurately informs the jury its 'job is to determine whether the State has proved the charged offenses beyond a reasonable doubt.'"  *Jenson*, 194 Wn. App. at 902 (quoting *State v. Federov*, 181 Wn. App. 187, 200, 324 P.3d 784, *review denied*, 181 Wn.2d 1009 (2014)).  The trial court did not err in so instructing the jury.

III.     APPELLATE COSTS

Henderson has also filed a supplemental brief opposing appellate costs in light of *State v. Sinclair*, 192 Wn. App. 380, 367 P.3d 612, *review denied*, 185 Wn.2d 1034 (2016).  In light of Henderson's indigent status, and our presumption under RAP 15.2(f) that he remains indigent

---

[2] 11 WASHINGTON PRACTICE: WASHINGTON PATTER JURY INSTRUCTIONS: CRIMINAL 4.01, at 85 (3d ed. 2008).

[3] Henderson alleges several constitutional errors in his assignments of error, but cites legal authority pertaining to instructional error.  We analyze this issue accordingly.  *See In re Pers. Restraint of Lord,* 152 Wn.2d 182, 188, 94 P.3d 952 (2004) (allegations of constitutional error may not rely on bald assertions).

[4] Henderson did not object to the jury instruction at trial on the same basis that he does on appeal. Generally, a party who fails to object to jury instructions in the trial court waives a claim of error on appeal.  *State v. Smith*, 174 Wn. App. 359, 364, 298 P.3d 785 (2013); RAP 2.5(a).  However, since Henderson partially objected to the instruction below, we exercise our discretion and reach this issue and take the opportunity to again approve this instruction.

"throughout the review" unless the trial court finds that his financial condition has improved, we exercise our discretion to waive appellate costs in this matter. RCW 10.73.160(1).

We affirm.

A majority of the panel having determined that this opinion will not be printed in the Washington Appellate Reports, but will be filed for public record in accordance with RCW 2.06.040, it is so ordered.

_____
Melnick, J.

We concur:

_____
Johanson, J.

_____
Maxa, A.C.J.