IN THE COURT OF APPEALS OF THE STATE OF WASHINGTON
DIVISION THREE

| | | |
|---|---|---|
| STATE OF WASHINGTON, | ) | |
| | ) | No. 35384-2-III |
| Respondent, | ) | |
| | ) | |
| v. | ) | |
| | ) | |
| THOMAS JACKSON BARTON, | ) | UNPUBLISHED OPINION |
| | ) | |
| Appellant. | ) | |

SIDDOWAY, J. — Thomas Barton appeals his convictions for possession of a

controlled substance, resisting arrest, and obstructing a law enforcement officer. We

reject two constitutional challenges to his convictions that this court has repeatedly

rejected before. His challenge to his offender score was waived when his trial lawyer

explicitly agreed with the score, and error, if any occurred, cannot be raised on direct

appeal. We affirm.

FACTS AND PROCEDURAL BACKGROUND

On a spring day in 2017, Ferry County Deputy Sheriff Patrick Rainer was tasked

with serving a protective order on Mr. Barton. When Mr. Barton saw the deputy pull his

patrol vehicle into an area where Mr. Barton was fueling a truck, Mr. Barton stopped

what he was doing and started to run.  Although the deputy yelled at Mr. Barton to stop, and that he was under arrest, Mr. Barton continued to hide or flee until he was immobilized by the deputy's stun gun and handcuffed.

In a search incident to arrest, Deputy Rainer retrieved two pocket knives and a metal marijuana pipe from the pockets of Mr. Barton's bib overalls.  A search of shorts Mr. Barton was wearing underneath the overalls yielded, among other items, a glass smoking device that the deputy recognized as a type commonly used to smoke methamphetamine.  The glass smoking device later tested positive for the presence of methamphetamine.  Mr. Barton was charged with possession of a controlled substance, resisting arrest, use of drug paraphernalia, and obstructing a law enforcement officer.

At Mr. Barton's jury trial, the forensic scientist who testified to the presence of methamphetamine in the glass smoking device acknowledged that what she tested was residue scraped out of the device with a wooden stick.  On cross-examination, she admitted that looking at the device, even closely, one would not have been able to tell that it contained a controlled substance.  She agreed that only by doing the type of testing she did would one know that the device contained a controlled substance.

Mr. Barton testified in his own defense.  He denied knowing that the glass smoking device was in the pocket of the shorts.  He claimed to have borrowed all the

clothing he was wearing from a friend earlier on the day of the arrest, after falling into a river and soaking his own clothing.

The jury found him guilty of all but the drug paraphernalia offense. At sentencing, the parties agreed that Mr. Barton's offender score was four. The criminal history presented consisted of four adult felonies, for three of which he was sentenced in 2015. The fourth, a conviction for attempting to elude a pursuing police vehicle, dated back to 2000. He was sentenced to eight months' incarceration and appeals.

## ANALYSIS

Mr. Barton makes three assignments of error. The first two are constitutional contentions previously rejected by this court. We touch briefly on this court's history of rejecting those challenges and then turn to his third assignment of error, which challenges his offender score.

I.    RCW 69.50.4013 DOES NOT VIOLATE THE EIGHTH AMENDMENT OR DUE PROCESS AS APPLIED TO THE POSSESSION OF DRUG RESIDUE

RCW 69.50.4013 makes it unlawful to possess a controlled substance without a valid prescription or unless otherwise authorized by chapter 69.50 RCW. It contains no mens rea requirement. *State v. Bradshaw*, 152 Wn.2d 528, 539, 98 P.3d 1190 (2004). If the State presents prima facie evidence of possession, "the defendant may . . . affirmatively assert that his possession of the drug was 'unwitting, or authorized by law,

or acquired by lawful means in a lawful manner, or was otherwise excusable under the statute.'" *State v. Staley*, 123 Wn.2d 794, 799, 872 P.2d 502 (1994) (quoting *State v. Morris*, 70 Wn.2d 27, 34, 422 P.2d 27 (1966)). "The defense of 'unwitting' possession may be supported by a showing that the defendant did not know he was in possession of the controlled substance" or "that he did not know the nature of the substance he possessed." *Id.*

In not requiring the State to prove either knowledge of possession of the substance or its illicit nature, RCW 69.50.4013 is said to be exceptional. *State v. Adkins*, 96 So. 3d 412, 429 (Fla. 2012) (Pariente, J., concurring) (identifying Washington and North Dakota as the only two states to eliminate knowledge entirely from the offense of possession of a controlled substance; observing that North Dakota thereafter amended its statute to include "willfulness."). Mr. Barton argues that beyond being exceptional, the statute violates the Eighth Amendment to the United States Constitution when applied to simple possession of drug residue in the absence of any culpable mental state. He argues that unless we exercise our authority to recognize proof of a culpable mental state as a nonstatutory element of the crime, RCW 69.50.4013 violates due process by authorizing a felony conviction for an act the accused person did not cause.

Mr. Barton acknowledges that this court rejected these arguments in 2015 in *State v. Schmeling*, 191 Wn. App. 795, 365 P.3d 202, a decision by a Division Two panel. He concedes that as of the filing of his brief in this appeal, *Schmeling* had been followed by

4

No. 35384-2-III
*State v. Barton*

Divisions One and Three in *State v. Muse*, No. 34056-2-III (Wash. Ct. App. Jan. 19,

2017) (unpublished);[1] *State v. McBride*, No. 33139-3-III, slip op. at 3-7 (Wash. Ct. App.

July 12, 2016) (unpublished);[2] and *State v. Henderson*, No. 74136-5-I, slip op. at 21-23

(Wash. Ct. App. Feb. 16, 2016) (unpublished),[3] *review denied*, 186 Wn.2d 1008, 380

P.3d 458 (2016).  A panel from Division One again rejected Mr. Barton's due process

argument in *In re Matter of Fuller*, No. 76933-2-I, slip op. at 11-13 (Wash. Ct. App. Jun.

18, 2018) (unpublished),[4] *review denied sub nom. State v. M. F.*, 191 Wn.2d 1023, 428

P.3d 1177 (2018).  Division Two reaffirmed the reasoning of *Schmeling* in *State v.*

*Holman*, No. 46765-8-II, slip op. at 8-10 (Wash. Ct. App. May 3, 2016) (unpublished).[5]

We recognize that Mr. Barton may wish to preserve arguments that have not yet

been considered by the highest state and federal courts.  We reject the arguments again in

this case and see no need to repeat the reasons.

II.    THE PATTERN "REASONABLE DOUBT" INSTRUCTION, WPIC 4.01, PROPERLY STATES
       THE LAW

Mr. Barton next challenges language in the reasonable doubt instruction given at

his trial, which was based on the Washington pattern jury instruction.  Specifically, he

---

[1] Http://www.courts.wa.gov/opinions/pdf/340562_unp.pdf.

[2] Http://www.courts.wa.gov/opinions/pdf/331393.unp.pdf.

[3] Http://www.courts.wa.gov/opinions/pdf/741365.pdf.

[4] Http://www.courts.wa.gov/opinions/pdf/769332.PDF.

[5] Https://www.courts.wa.gov/opinions/pdf/D2%2046765-8-II..pdf.

objects to the pattern instruction's optional language, used in his case, that "[i]f, from such consideration, you have an abiding belief in the truth of the charge, you are satisfied beyond a reasonable doubt." Clerk's Papers (CP) at 17; 11 WASHINGTON PRACTICE: WASHINGTON PATTERN JURY INSTRUCTIONS: CRIMINAL 4.01, at 93 (4th ed. 2016) (WPIC). He contends the language impermissibly suggests that the jury's job is to search for the truth.

In *State v. Bennett*, 161 Wn.2d 303, 318, 165 P.3d 1241 (2007), the Washington Supreme Court, exercising its supervisory authority, announced that it had approved WPIC 4.01 "and conclude that sound judicial practice requires that this instruction be given until a better instruction is approved." 161 Wn.2d at 317-18. As recently reiterated by the Supreme Court, it instructed courts in *Bennett* "to use the WPIC instruction as it is a 'clear, simple, accepted, and uniform instruction.'" *State v. Chacon*, 192 Wn.2d 545, 552, 431 P.3d 477 (2018) (quoting *Bennett*, 161 Wn.2d at 318).

Mr. Barton nonetheless argues that decisions following *Bennett* have made clear that a jury should not be instructed that its role is to search for the truth, and the objected-to language in WPIC 4.01 does just that. Appellant's Opening Br. at 20 (citing *State v. Emery*, 174 Wn.2d 741, 278 P.3d 653 (2012)).

Mr. Barton acknowledges that this court, in published decisions by panels of Division One and Division Two, has rejected this challenge to WPIC 4.01. Appellant's

6

No. 35384-2-III
*State v. Barton*

Opening Br. at 21 (citing *State v. Kinzle*, 181 Wn. App. 774, 784, 326 P.3d 870, *review denied*, 181 Wn.2d 1019, 337 P.3d 325 (2014); *State v. Fedorov*, 181 Wn. App. 187, 200, 324 P.3d 784, *review denied*, 181 Wn.2d 1009, 335 P.3d 941 (2014); and *State v. Jenson*, 194 Wn. App. 900, 901-03, 378 P.3d 270, *review denied*, 186 Wn.2d 1026, 385 P.3d 119 (2016)).  He concedes that a panel of this division rejected a similar challenge in *Muse*, No. 34056-2-III, slip op. at 8-12.  The argument was also rejected in *State v. Rodriguez-Perez*, No. 33571-2-III, slip op. at 30-31 (Wash. Ct. App. Dec. 7, 2017) (published in part),[6] *review denied*, 190 Wn.2d 1013, 415 P.3d 1189 (2018); *State v. Boyd*, 1 Wn. App. 2d 501, 521-22, 408 P.3d 362 (2017), *review denied*, 190 Wn.2d 1008, 414 P.3d 578 (2018), *cert. denied*, 139 S. Ct. 639 (2018); *State v. Raethke*, No. 75079-8-I, slip op. at 3-5 (Wash. Ct. App. Dec. 26, 2017) (unpublished),[7] *review denied*, 190 Wn.2d 1016 (2018); and *State v. Winfrey*, No. 50417-1-II, slip op. at 3-4 (Wash. Ct. App. Nov. 14, 2018) (unpublished).[8]

Again, we recognize that Mr. Barton may wish to preserve the argument, but we see no need to repeat the reasons we have rejecting it before.  We reject it again in this case.

---

[6] Https://www.courts.wa.gov/opinions/pdf/335712_pub%20in%20part.pdf.

[7] Http://www.courts.wa.gov/opinions/pdf/750798.PDF.

[8] Https:// www.courts.wa.gov/ opinions/pdf/D2%2050417-1-II%20Unpublished %20Opinion.pdf.

III.     ANY ERROR IN CALCULATING THE OFFENDER SCORE WAS WAIVED FOR PURPOSES
         OF DIRECT APPEAL

For the first time on appeal, Mr. Barton argues that the trial court counted his 2000

felony conviction for attempting to elude a pursing police vehicle toward his offender

score in error, because it should have washed out.

A defendant's offender score, together with the seriousness level of his current

offense, dictates the standard sentence range used in determining his sentence.  RCW

9.94A.530(1).  To calculate the offender score, the trial court relies on its determination

of the defendant's criminal history, which the Sentencing Reform Act of 1981 (SRA),

chapter 9.94A RCW, defines as "the list of a defendant's prior convictions and juvenile

adjudications, whether in this state, in federal court, or elsewhere."  RCW 9.94A.030(11).

Prior convictions result in offender score "points" as outlined in RCW 9.94A.525.  They

will not result in additional points in the offender score if they have "washed out" due to

time spent in the community without committing further crimes.

"In determining the proper offender score, the court 'may rely on no more

information than is admitted by the plea agreement, or admitted, acknowledged, or

proved in a trial or at the time of sentencing.'"  *State v. Hunley*, 175 Wn.2d 901, 909,

287 P.3d 584 (2012) (quoting RCW 9.94A.530(2)).  In this case, defense counsel and the

State agreed on Mr. Barton's offender score.  The following exchange occurred at the

beginning of Mr. Barton's sentencing hearing:

> JUDGE: Okay and so we're prepared to proceed with sentencing?
> [DEFENSE COUNSEL]: We are, Judge.
> JUDGE: And we have an agreed offender score and everything?
> [DEFENSE COUNSEL]: Your Honor, I believe my client's score is four.
> [PROSECUTOR]: And that is the State's understanding as well.

Report of Proceedings at 299.

The 15-year gap between the first conviction reflected in the criminal history in Mr. Barton's judgment and sentence and his other convictions supports the possibility of a washout. The 2000 conviction was for a class C felony. The maximum sentence for a class C felony is five years. RCW 9A.20.021(1)(c). Prior convictions for class C felonies are not included in the offender score if, since the last date of release from confinement for the conviction, the offender has spent five consecutive crime-free years in the community. RCW 9.94A.525(2)(c). But the State represents that defense counsel was aware of intervening misdemeanor convictions that would prevent the conviction from washing out. Because no objection was made to the offender score, there was no need for the State to present that evidence at sentencing.

Whether the 2000 conviction should have washed out presents a factual issue that Mr. Barton waived by failing to raise it. *State v. Nitsch*, 100 Wn. App. 512, 520, 997 P.2d 1000 (2000). Any evidence that it should have washed out will have to be presented in a personal restraint petition.

9

No. 35384-2-III
*State v. Barton*

Affirmed.

A majority of the panel has determined this opinion will not be printed in the

Washington Appellate Reports, but it will be filed for public record pursuant to RCW

2.06.040.

_Siddoway, J._
Siddoway, J.

WE CONCUR:

_Lawrence-Berrey, C.J._
Lawrence-Berrey, C.J.

_Korsmo, J._
Korsmo, J.